The STATE of Ohio, Appellee,

v.

BARNWELL, Appellant.

[Cite as *State v. Barnwell* (1993), 87 Ohio App.3d 637.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64297.

Decided May 10, 1993.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Kevin M. Spellacy,* Assistant Prosecuting Attorney, for appellee.

*Beverly J. Pyle,* Cuyahoga County Assistant Public Defender, for appellant.

---

*Per Curiam.*

Defendant-appellant, Terrance Barnwell, appeals from his conviction for one count of possession of cocaine in less than the bulk amount in violation of R.C. 2925.11. Defendant asserts error in the trial court's denial of the defendant's motion to suppress evidence of cocaine seized at the scene of the crime. Following denial of that motion, defendant pled no contest, was convicted and sentenced to one and one-half to five years. This sentence was suspended and defendant was placed on probation for one year. We find no error in the court's denial of the suppression motion and affirm.

This defendant was apprehended in a "high drug area" on January 23, 1992. Plain clothes detectives observed defendant leaning into the passenger side of a parked car with his fists clenched. As the detectives pulled up in their car and got out to approach the defendant, he dropped an object on the ground. One of the detectives recovered the object which contained cocaine leading to defendant's arrest. Defendant claims this was an illegal search and seizure violative of the Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution.

We find there was no illegal search or seizure here. The trial court correctly found that the defendant was not stopped, let alone seized or detained when he voluntarily discarded the contraband.

This case is governed by *California v. Hodari D.* (1991), 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690. In *Hodari,* a defendant similarly abandoned cocaine upon the approach of police officers. The Supreme Court stated that in order for seizure to have occurred, there must either be some application of physical force, even if extremely slight, or a show of authority to which the subject yields; a

show of authority, without any application of physical force, to which the subject does not yield is not a seizure. *Id.,* 111 S.Ct. at 1547, 113 L.Ed.2d at 696–697.

The defendant in the case at hand abandoned the cocaine by dropping it. A voluntary abandonment of property deprives a defendant of standing to challenge a subsequent seizure of said property. *State v. Freeman* (1980), 64 Ohio St.2d 291, 297–298, 18 O.O.3d 472, 475–476, 414 N.E.2d 1044, 1048–1049; *State v. Lane* (July 11, 1991), Cuyahoga App. No. 58827, unreported, 1991 WL 125342; and *State v. Head* (Nov. 21, 1991), Cuyahoga App. No. 59367, unreported, 1991 WL 243864. We do not find that merely because law enforcement officers approach a suspicious looking group, that the individuals in that group have been "stopped" or "seized," especially when the officers are in plain clothes and no communication or command has been issued by them. There is no indication here that defendant yielded to a show of authority; quite the contrary, he exercised his personal freedom by discarding the subject cocaine. The court properly overruled the motion to suppress. The assignment of error is overruled.

*Judgment affirmed.*

PATTON, P.J., KRUPANSKY and PORTER, JJ., concur.