### In re MOJICA et al.

[Cite as *In re Mojica* (1995), 107 Ohio App.3d 461.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

Nos. 68432 and 68433.

Decided Nov. 20, 1995.

*Paul Mancino, Jr.,* for appellees.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *Jocelyn Conwell,* Assistant Prosecuting Attorney, for appellant.

*Per Curiam.*

The state of Ohio appeals the juvenile court's ruling granting the motions of defendants-appellees, Juan Mojica and Hector Osorio, to suppress the evidence. Case Nos. 68432 and 68433 have been consolidated for this appeal.

The state of Ohio filed a complaint to have Mojica and Osorio adjudicated delinquent for aggravated trafficking in violation of R.C. 2925.03(A)(2). Defense counsel for Mojica and Osorio filed motions to suppress for both defendants claiming that the police unlawfully stopped them and that the items obtained by the police were taken in violation of their rights under the Fourth Amendment to the United States Constitution and the Ohio Constitution. The trial court granted the motions to suppress.

Initially, we note that the trial court informed defense counsel and the prosecutor that it would not hold two separate trials, one on the motion to suppress and then a trial on the facts. Instead, the trial court held one trial and asked defense counsel at the appropriate time to object to the evidence which he believed should be suppressed. The prosecutor and defense counsel agreed to this arrangement.

The following facts were adduced at the bench trial. Cleveland Police Detective Santiago testified that early in his shift, on August 29, 1994, while patrolling with his partner, Detective Bernard Norman, he observed Osorio walking around West 30th Street in Cleveland, Ohio. Det. Santiago stated that this area is a high drug trafficking area. Det. Santiago stated that there had been numerous drug problems in this area and because of these drug problems he had made hundreds of drug arrests over a six-year period.

Det. Santiago testified that later in his shift, at approximately 2:00 p.m., he observed Mojica and Osorio walking south on W. 32nd Street towards Walton, also in Cleveland, while he proceeded north on W. 32nd Street. Det. Santiago stated that Mojica and Osorio abruptly turned around and started walking north on W. 32nd Street. At this point Det. Santiago and his partner were driving north on W. 32nd and were behind Mojica and Osorio. Det. Santiago then observed Mojica make a motion with his right hand and toss an object onto the ground. Mojica and Osorio continued walking for several feet and then stopped at a house and yelled to someone in the house, trying to get someone's attention.

Det. Santiago and his partner pulled the police car up next to Mojica and Osorio, got out and identified themselves as police officers. Det. Santiago walked over six feet or so to retrieve the object that Mojica threw onto the ground while Det. Norman detained them. The officers determined the object to be heroin and Det. Santiago and his partner then arrested Mojica and Osorio.

Det. Norman, Det. Santiago's partner on August 29, 1994, corroborated the testimony of Det. Santiago pertaining to observing the males abruptly turn around, detaining them and then arresting them after observing the contents of the abandoned property.

Det. Norman stated that they detained the males to investigate the object that was thrown to the ground. Det. Norman and Det. Santiago pulled their police car over to where the males were standing and identified themselves as police officers. After Det. Santiago picked up the object from the ground and determined it was heroin, they placed the two under arrest. The object later tested positive for heroin.

Initially, we note that the state has the right to appeal the granting of a motion to suppress in a delinquency case pursuant to R.C. 2945.67 and Juv.R. 22(F). Defense counsel asserts that the trial court's journal entry states that it found the charges were not proven and therefore a final verdict was reached. Since the state cannot appeal from a final verdict pursuant to R.C. 2945.67(A), defense counsel maintains the appeal should be dismissed for lack of jurisdiction.

The journal entries for both Mojica and Osorio are identical. They state the following:

"The court heard evidence and testimony. It is ordered that the motion to suppress filed by counsel for the child is hereby granted. Upon due consideration thereof, the court finds that the allegation(s) of the complaint have not been proven beyond a reasonable doubt. It is therefore ordered that [the] child herein is not delinquent.

"It is further ordered this matter is dismissed."

It is apparent that this journal entry grants the motion to suppress the heroin that Mojica threw to the ground. Without the heroin admitted into evidence, the state could not prove its case. We are disturbed by the trial court's language "it is further ordered this matter is dismissed." We recognize that pursuant to R.C. 2945.67 and Juv.R. 22(F), the state may take an appeal from the granting of a motion to suppress as a matter of right. Therefore, the trial court did not have the authority to grant a final verdict by dismissing the charges in the present case and we retain jurisdiction to hear this appeal. See *State v. Fraternal Order of Eagles Aerie 0337 Buckeye* (1991), 58 Ohio St.3d 166, 169, 569 N.E.2d 478, 481.

The state's sole assignment of error states:

"The trial court erred when it granted the appellee's motion to suppress the evidence."

The state maintains that the trial court erred when it granted Mojica and Osorio's motions to suppress. Specifically, the state claims that the initial stop of Mojica and Osorio was not a seizure and arrest but rather an investigative stop which was proper under the circumstances. Moreover, the state asserts that the act of tossing the heroin to the sidewalk, while the arresting officers were still inside their vehicle conducting surveillance, constituted an act of voluntary abandonment, and Mojica and Osorio had no standing to object to the subsequent seizure and use of such evidence at trial.

In a motion to suppress hearing, the trial court becomes the trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. *State v. Clay* (1973), 34 Ohio St.2d 250, 63 O.O.2d 391, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See *State v. Schiebel* (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, the reviewing court must determine independently whether, as a matter of law, the facts meet the appropriate legal standard. *State v. Claytor* (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906, 908–909.

This court has held that an illegal search or seizure did not occur when a defendant was not stopped or seized when he voluntarily discarded cocaine in his possession by dropping it upon approach of plain clothes officers. *State v. Barnwell* (1993), 87 Ohio App.3d 637, 638, 622 N.E.2d 1109, 1110.

The facts in *Barnwell* are similar to the facts in the present case. The defendant in *Barnwell* was observed in a "high drug area" leaning into the passenger side of a parked car. As the detectives pulled up in their car and got out to approach the defendant, he dropped an object on the ground. One of the detectives recovered the object which contained cocaine leading to the arrest of the defendant.

We held that the defendant in *Barnwell* abandoned the cocaine by dropping it. A voluntary abandonment of property deprives a defendant of standing to challenge a subsequent seizure of said property. *State v. Freeman* (1980), 64 Ohio St.2d 291, 297–298, 18 O.O.3d 472, 475–476, 414 N.E.2d 1044, 1048–1049.

In this case, the facts are clear that Mojica voluntarily threw the heroin onto the ground before he was approached by the police officers. Accordingly, we find that Mojica and Osorio were deprived of standing to challenge the seizure of the heroin because Mojica voluntarily abandoned the property. Both Mojica and Osorio were momentarily detained while officer Santiago picked up the abandoned property approximately six feet away. Therefore, the trial court should not have granted the motion to suppress.

However, the trial court did dismiss the charges against the appellants. Therefore we must determine if double jeopardy attached. The Fifth Amendment Double Jeopardy Clause states that "[n]o person shall * * * be subject for the same offense to be twice put in jeopardy of life or limb." Although the guarantee against double jeopardy generally attaches upon the impanelling of the fact finder, it is not absolute at that point. *United States v. Scott* (1978), 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65. In *Scott,* the United States Supreme Court held that double jeopardy protection is not absolute until there is a dismissal or acquittal based upon a factual finding of innocence. *Id.* at 96–97, 98 S.Ct. at 2196–2197, 57 L.Ed.2d at 77–78.

In the present case, the trial court did not hold a separate hearing for the motion to suppress pursuant to Crim.R. 12 and Juv.R. 22. Instead, at the request of the trial judge, both parties agreed to go forward with trial and at the appropriate time defense counsel was to object to the evidence he thought should be suppressed. The state proceeded with its case and defense counsel objected to the admission of the heroin. At that point, the judge heard argument from counsel and then proceeded to dismiss the case and grant the motion to suppress.

We believe the state made a critical error by agreeing to go forward with the trial and not requesting a separate hearing on the motion to suppress. If the court would have strictly adhered to Crim.R. 12 and Juv.R. 22 and held a hearing on the motion to suppress, double jeopardy would not have been an issue since no factual finding of innocence would have been reached.

Nevertheless, the trial court held a trial and after considering all the evidence determined that the case should be dismissed and the motion to suppress granted. Therefore, the fact finder reached a finding of innocence and double jeopardy attached at that point pursuant to *Scott, supra.*

The judgment granting the motion to suppress is reversed, but the judgment dismissing the complaints is affirmed insofar as the defendants cannot twice be put in jeopardy.

*Judgment accordingly.*

PATTON, C.J., DYKE and KARPINSKI, JJ., concur.