DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Erie County Court of Common Pleas, Juvenile Division, which following trial, found appellant, Thomas B., to be a juvenile traffic offender for violating R.C. 4511.20 and suspended his license for ninety days. For the reasons stated herein, this court reverses the judgment of the trial court.
Appellant sets forth the following five assignments of error:
"ASSIGNMENT OF ERROR
 "I. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT A HEARING ON HIS MOTION TO SUPPRESS
 "II. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO SUPPRESS
 "III. THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S MOTION TO DISMISS AT THE CONCLUSION OF THE STATE'S CASE
 "IV. THE TRIAL COURT ERRED IN FINDING APPELLANT TO BE A JUVENILE TRAFFIC OFFENDER, AS THE ADJUDICATION IN THIS MATTER IS NOT SUPPORTED BY THE SUFFICIENCY AND/OR THE GREATER WEIGHT OF THE EVIDENCE
"V. THE TRIAL COURT ERRED IN SENTENCING
 APPELLANT UNDER A STATUTE THAT WAS NOT IN EFFECT AT THE TIME OF THE ALLEGED OFFENSE NOR AT THE TIME OF CONVICTION"
The following facts are relevant to this appeal. A complaint was filed against appellant on March 27, 1998, charging him with reckless operation, a violation of R.C. 4511.20. Trial was originally set for June 19, 1998. On May 27, 1998, appellant filed a motion to suppress and requested an evidentiary hearing. In his motion, appellant argued that there was no probable cause to stop and/or detain appellant. At the hearing on the motion, the state objected to proceeding on the motion as an issue of law.[1] In a proposed decision filed August 19, 1998, the magistrate found, pursuant to Juv.R. 22(D), that the motion to sup press could not be heard without adjudication of the merits of the case and denied the motion as procedurally inappropriate in the case. The magistrate cited Juv.R. 22(D) in support of her proposed decision. Appellant timely filed objections to the magistrate's proposed decision. The trial court filed a judgment entry in which it adopted the magistrate's proposed decision as to the motion to suppress.
Appellant was tried on August 21, 1998. In a proposed decision filed October 19, 1998, the magistrate found appellant to be a juvenile traffic offender for reckless operation of a vehicle in violation of R.C. 4511.20. Appellant timely filed objections to the magistrate's proposed decision. On December 24, 1998, the trial court filed its judgment entry in which it adopted the magistrate's proposed decision. On February 4, 1999, a disposition hearing was held and appellant was sentenced; his license was suspended for one hundred twenty days with work privileges; a fine of $15 was imposed as well as court costs and attendance at a driver modification program. Appellant filed a timely notice of appeal.
In his first assignment of error, appellant argues that the trial court erred in failing to grant appellant a hearing on his motion to suppress. Appellant argues that the trial court should have held a hearing on his motion to suppress when a hearing was requested and when the motion to suppress contains factual allegations which support a claim for relief. This court finds merit in this assignment of error.
Juv.R. 22 provides in pertinent part:
"* * *
 "(D) Prehearing Motions. Any defense, objection or request which is capable of determination without hearing on the allegations of the complaint may be raised before the adjudicatory hearing by motion. The following must be heard before the adjudicatory hearing, though not necessarily on a separate date:
"* * *
 "(3) Motions to suppress evidence on the ground that it was illegally obtained;
"* * *
 "The court for good cause shown may permit a motion to suppress evidence under subsection (D)(3) to be made at the time such evidence is offered."
As stated in the Commentary from the Supreme Court Advisory Committee, Juv.R. 22(D) is basically Crim.R. 12(B) and follows the holding in State v. Davis (1964),1 Ohio St.2d 28.[2]
In State v. Shindler (1994), 70 Ohio St.3d 54, syllabus, the Supreme Court of Ohio held:
 "In order to require a hearing on a motion to suppress evidence, the accused must state the motion's legal and factual basis with sufficient particularity to place the prosecutor and the court on notice of the issues to be decided."
The Shindler court construed and followed Xenia v.Wallace (1988), 37 Ohio St.3d 216, paragraph two of the syllabus, in which that court held:
 "Once a defendant has demonstrated a warrant less search or seizure and adequately clarified that the ground upon which he challenges its legality is lack of probable cause, the prosecutor bears the burden of proof, including the burden of going forward with evidence, on the issue of whether probable cause existed for the search or seizure."
In his motion to suppress, appellant challenged the stop of his vehicle on the basis that it violated the protections afforded by the Fourth Amendment. Appellant cited legal authority and set forth the factual basis for challenging the stop. Thus, appellant's motion sufficiently puts the prosecution on notice of the basis for his challenge. Moreover, appellant requested an oral hearing, another necessary prerequisite. UniversityHeights v. Morris, (Apr. 18, 1996), Cuyahoga App. No. 69493, unreported. Therefore, because appellant satisfied both of the above requirements, this court concludes that the trial court erred in not holding an evidentiary hearing on appellant's motion to sup press.[3] On remand, the burden shifts to appellee as to whether probable cause existed for the stop.
Accordingly, appellant's first assignment of error is found well-taken. Our decision as to appellant's first assignment of error renders appellant's remaining assignments of error moot.
On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed. This case is remanded to the trial court for proceedings consistent with this decision. It is ordered that appellee pay the court costs of this appeal.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, J., Melvin L. Resnick, J.,Mark L. Pietrykowski, J., CONCUR.
[1] This fact is stated in the magistrate's decision. No transcript of the hearing is included in the record.
[2] In State v. Davis, 1 Ohio St.2d at 30-31, the court noted:
 "`Upon the trial of a criminal prosecution, a general objection to the introduction of evidence obtained by search and seizure raises no question other than that of the competency, relevancy and materiality of the evidence tendered, and the court is not required to then examine the collateral question of the regularity of the proceeding whereby such evidence came into the possession of the prosecution.'
 "This accords with the rule `in most jurisdictions * * * that, as a general proposition subject to certain limitations, an objection to evidence as obtained by an unlawful search and seizure comes too late where it has been made the first time at the trial, and not by a pre-trial motion to return the property or suppress the evidence.' (Citation omitted.)
 "The reason usually advanced for this rule `is that the trial court should not be required to stop during the course of a trial to determine a collateral issue as to legality of the means by which the prosecution obtained its evidence.' (Citation omitted.)"
[3] Further support for this analysis is found in State v.Rainey (July 3, 1996), Lorain App. No. 95CA006297, unreported, wherein the appellate court held that a motion to suppress should be filed and heard before an adjudicatory hearing pursuant to Juv.R. 22(D); the appellate court then discussed the "for good cause shown" provision in Juv.R. 22(E) for a motion to suppress to be made at the time the evidence is offered. See, also, In re Mojica (1995), 107 Ohio App.3d 461, 466:
 "In the present case, the trial court did not hold a separate hearing for the motion to suppress pursuant to Crim.R. 12 and Juv.R. 22. Instead, at the request of the trial judge, both parties agreed to go forward with trial and at the appropriate time defense counsel was to object to the evidence he thought should be suppressed. The state proceeded with its case and defense counsel objected to the admission of the heroin. At that point, the judge heard argument from counsel and then proceeded to dismiss the case and grant the motion to suppress.
 "We believe the state made a critical error by agreeing to go forward with the trial and not requesting a separate hearing on the motion to suppress. If the court would have strictly adhered to Crim.R. 12 and Juv.R. 22 and held a hearing on the motion to suppress double jeopardy would not have been an issue since no factual finding of innocence would have been reached.
 "Nevertheless, the trial court held a trial and after considering all the evidence determined that the case should be dismissed and the motion to suppress granted. Therefore, the fact finder reached a finding of innocence and double jeopardy attached at that point pursuant to Scott, supra."
Although the appellate court in Mojica reversed the trial court's grant of the defendant's motion to suppress, the appellate court affirmed the judgment dismissing the complaint on double jeopardy grounds.