[Cite as *State v. Hatfield*, 2011-Ohio-6620.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95647**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## MATTHEW HATFIELD

DEFENDANT-APPELLEE

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-532633

**BEFORE:**   Stewart, P.J., Jones, J., and Keough, J.

**RELEASED AND JOURNALIZED:**   December 22, 2011

**ATTORNEYS FOR APPELLANT**

William D. Mason
Cuyahoga County Prosecutor

BY:   Matthew E. Meyer
        T. Allan Regas
Assistant County Prosecutors
The Justice Center
1200 Ontario Street, 8th Floor
Cleveland, OH   44113


**ATTORNEYS FOR APPELLEE**

Jaye M. Schlachet
Eric M. Levy
55 Public Square, Suite 1600
Cleveland, OH   44113


MELODY J. STEWART, P.J.:

**{¶ 1}**   Plaintiff-appellant, the state of Ohio, appeals from the trial court's granting of defendant-appellee, Matthew Hatfield's, motion in limine denying the state the opportunity to offer into evidence an audiotape recording.   The state alleges that the audiotape contains the voices of Hatfield and a confidential informant executing a drug transaction and that the recorded statements are admissions of a party opponent.   The state additionally complains that the trial court erred when it continued with the trial after a notice of appeal had been filed.

**{¶ 2}**   The narcotics unit of the Cuyahoga County Sheriff's Office initiated an investigation into alleged illegal drug sales involving Hatfield after having received a tip

from a confidential informant.  Detectives arranged an undercover buy between Hatfield and the informant who was then provided with $1,400 in "buy" money to purchase one ounce of powder cocaine.  The informant was also wired with a recording and transmitting device.  The detectives then trailed the informant's automobile to Hatfield's residence where the informant entered the dwelling and was alleged to have successfully completed a drug buy from Hatfield.  The confidential informant thereafter exited the residence, proceeded to a predetermined location, and handed over to the detectives approximately one ounce of powder cocaine.

{¶ 3}  Hatfield was subsequently indicted for drug offenses with schoolyard specifications.  Prior to trial on August 23, 2010, he filed a motion in limine  objecting to the state's anticipated introduction of an audiotape of the drug transaction.  In the motion, Hatfield asserted that the state had failed to provide him with discovery, argued that the audiotape contained improper hearsay and that the tape could not properly be authenticated without the testimony of the confidential informant.  Hatfield additionally noted that the alleged purchase was made inside a residence and not observed by any witnessing officers and that the residence was occupied by three or more individuals at the time of the alleged buy.  The state in response informed the trial court that it would not be calling the confidential informant as a witness.  The trial court then ordered the state to give a copy of the audio recording to Hatfield.

{¶ 4}  Trial commenced on August 24, 2010.  After a jury was empaneled and opening statements were made, the trial court held a sidebar with counsel to further

discuss Hatfield's motion in limine. Hatfield's lawyer argued that the non-testifying confidential informant's statements contained on the audiotape were testimonial in nature and, if admitted, would violate Hatfield's Sixth Amendment right to confront his accusers since he would be unable to cross-examine the confidential informant. Hatfield also argued that voice authentication would be an issue since no credible witness would be available to identify Hatfield's voice.

{¶ 5} The trial court called for a short recess, and the state then argued that the contents of the audiotape were not testimonial, were not hearsay, and, if allowed into evidence, would be used to establish the location and occurrence of the drug transaction. The state also maintained that the detectives involved in the operation were familiar with Hatfield's voice because they had previously monitored many of his phone conversations and were therefore prepared to authenticate his voice.

{¶ 6} The trial court listened to the audiotape and thereafter granted Hatfield's motion in limine, reasoning that an objective witness would reasonably believe that the contents of the recording were prepared for use at a later trial and as a result, Hatfield's right of confrontation would be violated if the audiotape were admitted into evidence. As an alternative, the court conditioned admissibility of the audiotape if the confidential informant testified, but noted that the state had in fact "closed the door to that opportunity by telling the [c]ourt you are not calling the confidential informant."

{¶ 7} Trial resumed and numerous objections by Hatfield were sustained by the trial court when the state attempted to elicit testimony from Officer Luke Combs relative

to his discussions with the confidential informant. However, testimony related to Combs's direct observations was allowed.

{¶ 8}   The state then called Jennifer Acurio, a forensic scientist with the Ohio Bureau of Criminal Identification and Investigations. She testified that the evidence she analyzed was in fact 28.1 grams of powder cocaine.

{¶ 9}   After Acurio's cross-examination, the state requested to approach the bench and there informed the trial court that it had filed a notice of appeal pursuant to Crim.R. 12(K) and App.R. 4(C). The state requested that the proceedings be halted pending a ruling on the appeal. The trial court rejected the state's request and instructed it to call its next witness. The state called Detective Tamika Agnew to testify. She recounted her observations at the alleged drug transaction location and identified Hatfield as being present.

{¶ 10} The next day, on August 25, 2010, the state again moved the trial court to stay the matter because the state believed that the trial court lacked jurisdiction to continue. When the trial court denied this motion and summoned the jury, the state informed the trial court that it was not proceeding. Counsel for the state then left the courtroom briefly, returned, and informed the court that she was waiting for witnesses to arrive. With this, the trial court instructed the state to produce a witness and also inquired if the state wished to introduce exhibits into evidence at that time. In response,

the state asked for a brief continuance. The court replied: "You are resting, you have no exhibits."[1]

{¶ 11} Following the court's prompting, Hatfield moved for acquittal pursuant to Crim.R. 29. The trial court granted the motion, noting that "there has been no testimony that Mr. Hatfield did sell or offer [sic] to sell cocaine." Court was then adjourned, the trial court recorded a journal entry dismissing the indictment, and Hatfield was released. On August 26, 2010, the state filed a motion in the trial court to issue a journal entry regarding the exclusion of the audiotape.

{¶ 12} On August 30, 2010, the state's appeal to this court was dismissed for failure to file a praecipe in accordance with Loc.App.R. 9(B). *State v. Hatfield* (Aug. 30, 2010), 8th Dist. No. 95599. The state again filed a notice of appeal of the trial court's ruling on the motion in limine: the subject of this appeal. On October 19, 2010, the state filed in this court a complaint seeking a writ of mandamus and procedendo seeking to compel the trial court to journalize its decision on the motion in limine. This application was dismissed on June 21, 2011, *State ex rel. Mason v. Matia*, 8th Dist. No. 95866, 2011-Ohio-3068, because on April 20, 2011, this court had ordered the trial court to "supplement the record *** [by issuing] a judgment entry that reflects the disposition of the motion in limine ***." On May 13, 2011, the trial court entered a journal entry

---

[1] Although all of the dialogue between the court and the assistant county prosecutor is not included in this opinion, we note that the trial court was obviously exasperated with the state's handling of this case. However, the comments made to counsel as she advocated the state's position were quite unprofessional and unduly harsh.

stating: "Defendant's motion in limine is granted. Defendant sought to deny the state the opportunity to introduce and/or [sic] the tape recording made by the confidential informant during his alledged [sic] drug buy from the claimed defendant. The state of Ohio refused to identify the confidential informant during the discovery process and assured the court during a pre-trial conference that they would not be calling the confidential informant as a witness. As a result, the court granted the defendant's motion in limine."

{¶ 13} "A court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, syllabus. While double jeopardy bars retrial of defendants who have been acquitted, the state may nevertheless pursue an appeal from evidentiary rulings and issues of law that culminate in a judgment of acquittal. Id. at 159-60. "Ordinarily when there is no case in controversy or any ruling by an appellate court that would result in an advisory opinion, there will be no appellate review unless the underlying legal question is capable of repetition yet evading review." Id. at 158, citing *Storer v. Brown* (1974), 415 U.S. 724, 737, at fn. 8, 94 S.Ct. 1274, 128, 39 L.Ed.2d 714; *In re Protest Filed by Citizens for the Merit Selection of Judges, Inc.* (1990), 49 Ohio St.3d 102, 551 N.E.2d 150. We find that this case presents such legal questions.

{¶ 14} In the state's first assignment of error, it argues that the court erred when it did not find that the taped statements of Hatfield were admissions by a party-opponent, and as such were not subject to suppression.

{¶ 15} The trial court considered the arguments in support, of and against, Hatfield's motion in limine regarding the audiotape. The trial court then listened to the audiotape. However, the audiotape itself is not in the record and its contents were not proffered. Therefore, the state has failed to preserve this error for appeal. Accordingly, the state's first assignment of error is overruled.

{¶ 16} The state, in its second assignment of error, argues that the trial court erred by continuing trial after the state filed a notice of appeal. The state argues that it has the right to appeal an evidentiary ruling mid-trial. It asserts also that the court's subsequent action of granting Hatfield's Crim.R. 29 motion was done without jurisdiction and is without effect.

{¶ 17} Hatfield argues that the right to a mid-trial interlocutory appeal is conditioned upon the effective filing and perfection of a notice of appeal, and also that the state failed to effectively navigate procedural hurdles since it did not: 1) file a mandated motion for leave to appeal in this court, 2) did not raise in its filing the statutory exception permitting the state to file an appeal, and 3) did not adhere to applicable local rules.

{¶ 18} The state has the right to pursue "an appeal as provided by law from an order suppressing or excluding evidence *** [when a] ruling on [a] motion *** has rendered the state's proof with respect to the pending charge so weak in its entirety that

any reasonable possibility of effective prosecution has been destroyed." Crim.R. 12(K). Similarly, R.C. 2945.67 provides: "[a] prosecuting attorney *** may appeal as a matter of right any decision of a trial court in a criminal case *** [which grants a] motion to suppress evidence *** and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case ***." "[A]ny motion which seeks to obtain a judgment suppressing evidence is 'a motion to suppress' for purposes of R.C. 2945.67 and Crim.R. 12(J) [now Crim.R. 12(K)] where that motion, if granted, effectively destroys the ability of the state to prosecute. The fact that the motion is not labeled 'motion to suppress' is not controlling." *State v. Davidson* (1985), 17 Ohio St.3d 132, 135, 477 N.E.2d 1141.

{¶ 19} An appeal is successfully accomplished upon filing of a notice of appeal, and thereafter the trial court has no jurisdiction "except to take action in aid of the appeal." *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9. Notably, the trial court does not retain jurisdiction to consider whether the person has successfully secured the jurisdiction of the appellate court. *In re Terrance P.* (1997), 124 Ohio App.3d 487, 489, 706 N.E.2d 801. After a notice of appeal is filed, the trial court merely retains residual jurisdiction to adjudicate matters that are not at odds with the court of appeals' jurisdiction to reverse, modify, or affirm the judgment appealed therefrom. *Yee v. Erie Cty. Sheriff's Dept.* (1990), 51 Ohio St.3d 43, 44, 553 N.E.2d 1354. An adjudication administered by a court without jurisdiction is void. *State v. Ross*, 128 Ohio St.3d 283, 2010-Ohio-6282, 943 N.E.2d 992, ¶11.

{¶ 20} In this case, on August 24, 2010, the state filed its notice of appeal pursuant to Crim.R. 12(K). In spite of this, the court proceeded with the trial, granted Hatfield's Crim.R. 29 motion for acquittal, and dismissed the case. In *In re S.J.,* 106 Ohio St.3d, at ¶11, the trial judge forged ahead with the adjudication of a case, despite the state's timely filing a notice of appeal from a trial court order. The trial court reasoned that there was no final appealable order for the state to appeal. On review, the supreme court concluded: "the judge's opinions regarding the propriety of the state's appeal could not alter the fact that the filing of the notice of appeal had divested the *** court of any jurisdiction to proceed with the adjudication during the pendency of the appeal." Id. at ¶11. The court ruled that the trial court's adjudication was therefore void, and reversed and remanded the case for further proceedings. Id. at ¶16.

{¶ 21} In the case at bar, the state invoked the jurisdiction of this court upon filing of the notice of appeal pursuant to Crim.R. 12(K). That filing divested the trial court of jurisdiction. It therefore had no authority to enter judgment, absent a ruling from the court of appeals.

{¶ 22} The state contends further that the trial court's granting of Hatfield's motion for acquittal had no effect since the court lacked jurisdiction to proceed.

{¶ 23} The Double Jeopardy Clause of the Fifth Amendment states that "[n]o person shall *** be subject for the same offense to be twice put in jeopardy of life or limb." The Fifth Amendment to the United States Constitution. Double jeopardy safeguards attach "in a bench trial when the judge begins to receive evidence," and is not

absolute "until there is a dismissal or acquittal based upon a factual finding of innocence." *U.S. v. Martin Linen Supply Co.* (1977), 430 U.S. 564, 570, 97 S.Ct. 1349, 51 L.Ed.2d 642; *In re Mojica* (1995), 107 Ohio App.3d 461, 466, 669 N.E.2d 35; see, also, *U.S. v. Scott* (1978), 437 U.S. 82, 91, 98 S.Ct. 2187, 57 L.Ed.2d 65 ("[a] judgment of acquittal, whether based on a jury verdict of not guilty or on a ruling by the court that the evidence is insufficient to convict, may not be appealed and terminates the prosecution ***.").

{¶ 24} In *State v. Fraternal Order of Eagles Aerie 0337 Buckeye* (1991), 58 Ohio St.3d 166, 167, 569 N.E.2d 478, the trial court, immediately after granting the defendant's motion to suppress, rendered a judgment of acquittal. The state appealed arguing that the grant of acquittal had usurped its right to appeal the evidentiary ruling. The appeals court ruled that the state had no right of appeal and consequently dismissed the appeal. The supreme court held that "[when] a motion to suppress is made and granted after the commencement of trial, a trial court shall not proceed to enter a judgment of acquittal so as to defeat the state's right of appeal ***." Id. at syllabus. Nevertheless, the court declined to set aside the judgment of acquittal.

{¶ 25} The court in *State v. Hamilton* (1994), 97 Ohio App.3d 648, 651, 647 N.E.2d 238, adhered to the doctrine of stare decisis when, in a similar circumstance, it held that "it was error for the trial court to indirectly rule on the admissibility of the state's evidence by granting a final judgment of acquittal *** [h]owever, notwithstanding

the erroneous basis for the trial court's judgment, the actual acquittal of this defendant must be affirmed inasmuch as this defendant cannot be twice be put [sic] in jeopardy."

**{¶ 26}** The trial court in the case at bar erred when it proceeded with trial after the state filed its notice of appeal contesting the court's evidentiary ruling. However, prosecutorial error, discovery delays, and inappropriate gamesmanship contribute to untimely evidentiary rulings. This court has recognized as much in *In re Mojica*, 107 Ohio App.3d, at 466, where we noted that "the state made a critical error by agreeing to go forward with the trial and not requesting a separate hearing on the motion to suppress. If the court would have strictly adhered to Crim.R. 12 *** and held a hearing on the motion to suppress, double jeopardy would not have been an issue since no factual finding of innocence would have been reached."

**{¶ 27}** While the state's assignment of error contesting the trial court's jurisdiction to enter a Crim.R. 29 acquittal pending an appeal is well taken, its accompanying request for a new trial must fail, since "[t]he public interest in the finality of criminal judgments is so strong that an acquitted defendant may not be retried even though 'the acquittal was based upon an egregiously erroneous foundation.' *** If the innocence of the accused has been confirmed by a final judgment, the Constitution conclusively presumes that a second trial would be unfair." *Swisher v. Brady* (1978), 438 U.S. 204, 214, 98 S.Ct. 2699, 57 L.Ed.2d 705.

**{¶ 28}** The state's second assignment of error is sustained, but Hatfield cannot be retried.

Judgment affirmed.

It is ordered that the parties bear their own costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MELODY J. STEWART, PRESIDING JUDGE

LARRY A. JONES, J., and
KATHLEEN ANN KEOUGH, J., CONCUR