THE STATE OF OHIO, APPELLANT, *v.* FRATERNAL ORDER OF EAGLES AERIE 0337 BUCKEYE, APPELLEE.

[Cite as State *v.* Fraternal Order of Eagles Aerie 0337 Buckeye (1991), 58 Ohio St. 3d 166.]

(No. 90-233—Submitted February 5, 1991—Decided March 27, 1991.)

*Jim Slagle,* prosecuting attorney, for appellant.

*John A. Connor II Co., L.P.A., John A. Connor II* and *Darrell E. Fawley, Jr.,* for appellee.

*S. Michael Miller* and *Alan C. Travis,* for *amicus curiae,* Ohio Prosecuting Attorneys Assn.

ALICE ROBIE RESNICK, J. The issue presented in this case is whether the state has an appeal as of right from the granting of a motion to suppress after a trial has begun. The state's right to appeal in criminal cases is statutory in nature, and found in R.C. 2945.67(A).[1] It is apparent after reading this statute that the General Assembly has provided the state with an appeal, as of right, from four distinct rulings of a trial court in both criminal cases and juvenile delinquency proceedings: (1) a decision which grants a motion to dismiss all or any part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for return of seized property; and (4) a motion which grants post-conviction relief under R.C. 2953.21 to 2953.24. Moreover, the last portion of R.C. 2945.67(A) provides the state with a discretionary appeal "by leave of the court" from any other decision of the trial court, except a final verdict.

Crim. R. 12(J) also involves the state's appeal as of right, and

---

[1] R.C. 2945.67(A) provides as follows:

"A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case."

prescribes certain conditions which this court has deemed mandatory. See *State* v. *Buckingham* (1980), 62 Ohio St. 2d 14, 16 O.O. 3d 8, 402 N.E. 2d 536, wherein we held at the syllabus: "A Court of Appeals has jurisdiction to entertain the state's appeal from a trial court decision in a criminal case granting defendant's pre-trial motion to suppress evidence *only* where the state has complied with Crim. R. 12(J)." (Emphasis *sic.*)

Crim. R. 12(J) states in pertinent part:

"The state may take an appeal as of right * * * from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

"Such appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the trial court within seven days of judgment after the date of the entry of the judgment or order granting the motion. Any appeal under this rule shall be diligently prosecuted."

The state asserts that it has an appeal as of right from the grant of a motion to suppress, even though the motion is granted after trial has begun, if the prosecuting attorney timely files an appeal and makes a proper certification under Crim. R. 12(J). In support, the state submits that its right to appeal is not forfeited merely because trial has begun or because the trial judge characterizes his ruling as a judgment of acquittal. Lastly, the state contends that when a trial court suppresses evidence after trial has commenced, it shall afford the state the opportunity to initiate an appeal before proceeding with the remainder of the trial.

Appellee counters by asserting that the state has no appeal as of right from a judgment of acquittal by a trial court which includes a ruling on a motion to suppress. Appellee further claims that because the case was submitted to the court on a stipulation of facts, the trial had begun, and since the trial court's entry was a judgment of acquittal, the state may not appeal.

The trial court entered a judgment of acquittal, which is a final judgment. While we resolve the issue regarding the state's right to appeal this ruling after a trial has commenced, we will not set aside the judgment of acquittal. However, the issue presented in this appeal is of extreme importance and capable of repetition, since by its actions the trial court has for all intents and purposes denied the state its appeal as of right from the grant of a motion to suppress. Indeed, we reach the issue concerning the state's right to appeal because "these provisions [R.C. 2945.67 and Crim. R. 12(J)] were enacted to facilitate the effective prosecution of crime and to promote fairness between the accuser and the accused." *State* v. *Davidson* (1985), 17 Ohio St. 3d 132, 135, 17 OBR 277, 280, 477 N.E. 2d 1141, 1144.

In the normal course of criminal proceedings, the defendant will make a motion to suppress evidence prior to trial. Both R.C. 2945.67 and Crim. R. 12(J) give the state an absolute right to appeal from the grant of a pretrial motion to suppress. However, neither R.C. 2945.67 nor Crim. R. 12 contains a mandatory time element as to when a motion to suppress must be granted. While Crim. R. 12(E) states that when such motions are made before trial they are to be decided before trial, it is

not an uncommon practice for a court to either reserve ruling on the motion, or to initially deny the motion and then upon reconsideration subsequently grant the motion after trial has begun. We can discern no reason to permit the state an absolute appeal as of right from a pretrial grant of a motion to suppress, but deny the state an appeal from a grant of a motion to suppress that is entered after trial has begun. Hence, R.C. 2945.67(A) and Crim. R. 12(J) provide the state with an absolute right to appeal the grant of a motion to suppress, and such right should not be abolished by the entry of a judgment of acquittal. As the Supreme Court of Hawaii commented in *State* v. *Texeira* (1980), 62 Haw. 44, 46, 609 P. 2d 131, 133, "[t]he trial court may not in this manner deprive the State of its statutory right * * * to appeal from the order of suppression." To hold otherwise would deprive the state, and vicariously the general public, of its opportunity to bring to justice those who have violated the law.

We therefore hold that where a motion to suppress is made and granted after the commencement of trial, a trial court shall not proceed to enter a judgment of acquittal so as to defeat the state's right of appeal pursuant to Crim. R. 12(J). Where such motion to suppress is granted, it is not for the trial court to determine the sufficiency of the state's evidence to proceed with the prosecution and hence enter a judgment of acquittal. Rather, the state must be permitted to determine whether it will seek a stay of proceedings in order to exercise its right of appeal pursuant to Crim. R. 12(J), or alternatively to proceed to a final verdict or judgment. The choice is that of the prosecution.

Thus, the judgment of the court of appeals is reversed in part, but affirmed insofar as this defendant cannot twice be put in jeopardy.

*Judgment reversed in part
and affirmed in part.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.