[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 281.]

THE STATE OF OHIO, APPELLANT, *v*. BERTRAM, APPELLEE.

[Cite as *State v. Bertram*, 1997-Ohio-114.]

*Criminal procedure—State's appeal of a motion to suppress, made pursuant to Crim.R. 12(J), is an appeal as of right—Appellate court is without authority to review a prosecutor's Crim.R. 12(J) certification of an appeal.*

1. The state's appeal of a motion to suppress, made pursuant to Crim.R. 12(J), is an appeal as of right.

2. An appellate court is without authority to review a prosecutor's Crim.R. 12(J) certification that the granting of a motion to suppress has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

(No. 96-1792—Submitted September 9, 1997—Decided November 19, 1997.)

APPEAL from the Court of Appeals for Hamilton County, Nos. C-960005 and C-960006.

———————————

{¶ 1} On October 1, 1995, Corporal Clayton David of the Hamilton County Sheriff's Department Traffic Safety Section arrested appellee Robert J. Bertram for a violation of R.C. 4511.19(A)(1), operating a vehicle while under the influence of alcohol. On October 18, 1995, appellee moved to suppress any evidence obtained as a result of the traffic stop, including any statements he had made. On November 17, 1995, appellee further moved to suppress "any statements of a refusal to give a breath sample," asserting that the arresting officer did not properly inform appellee of the consequences of a refusal to submit to chemical testing. The trial court, on December 21, 1995, granted the motion to suppress, thus denying admission of any statements concerning the refusal.

**{¶ 2}** The prosecutor appealed the trial court's decision to the Hamilton County Court of Appeals and certified, pursuant to Crim.R. 12(J), that (1) the appeal was not taken for purposes of delay, and (2) the granting of the motion to suppress rendered the state's proof so weak that any reasonable possibility of effective prosecution had been destroyed. Appellee filed a motion to dismiss the appeal, asserting that there was indeed enough other evidence to prosecute the case and thus the granting of the motion to suppress was not a final appealable order. The court of appeals dismissed the appeal, finding that "there was probative evidence adduced during the hearing, which was not subject to the court's suppression order, that was supportive of the state's case against Bertram" and thus the prosecutor unreasonably certified the case for appeal.

**{¶ 3}** The cause is now before this court pursuant to the allowance of a discretionary appeal.

—————————————

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, *William E. Breyer* and *Steven W. Rakow*, Assistant Prosecuting Attorneys, for appellant.

*Hal R. Arenstein*, for appellee.

—————————————

**ALICE ROBIE RESNICK, J.**

**{¶ 4}** This case presents the issue of whether a court of appeals has authority to review the reasonableness of a prosecutor's certification of an appeal pursuant to R.C. 2945.67 and Crim.R. 12(J).

**{¶ 5}** R.C. 2945.67(A) states:

"A prosecuting attorney * * * may appeal as a matter of right any decision of a trial court in a criminal case, * * * which decision grants * * * a motion to suppress evidence, * * * and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case * * * ."

2

**{¶ 6}** Crim.R. 12(J) sets forth the proper procedure a prosecutor must follow in order to initiate an appeal pursuant to R.C. 2945.67(A):

"When the state takes an appeal as provided by law, the prosecuting attorney shall certify that: (1) the appeal is not taken for the purpose of delay; and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed.

"* * *

"If an appeal pursuant to this division results in an affirmance of the trial court, the state shall be barred from prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal."

**{¶ 7}** R.C. 2945.67 and Crim.R. 12(J) establish the state's right to appeal an adverse ruling on a motion to suppress and the procedure for such appeals. The General Assembly, in R.C. 2945.67(A), plainly drew a distinction between an "appeal as a matter of right" from a ruling granting a motion to suppress and an appeal "by leave of the court" from any other trial court ruling except the final verdict. The words "by leave of the court" necessarily mean that the court of appeals has the discretion to allow or refuse the appeal. By contrast, "appeal as a matter of right" means that the court of appeals has no discretion to decide whether to allow such an appeal. If the General Assembly intended to give the courts of appeals the right to review the reasonableness of a prosecutor's Crim.R. 12(J) certification, it certainly knew the language to include in the statute to grant that power, and it could have provided procedures and standards for courts of appeals to follow in making their determination. The state's appeal of the motion to suppress, made pursuant to R.C. 2945.67, is not a discretionary appeal but rather an appeal as of right. See *State v. Fraternal Order of Eagles Aerie 0337 Buckeye*

(1991), 58 Ohio St.3d 166, 168, 569 N.E.2d 478, 481 (construing former Crim.R. 12[J]).

{¶ 8} Notably, Crim.R. 12(J) uses the term "certify," meaning "to attest esp. authoritatively or formally: * * * to confirm or attest often by a document under hand as being true, meeting a standard, or being as represented." Webster's Third New International Dictionary (1986) 367. Accordingly, by analogy to Civ.R. 11, the prosecutor, by signing the certification, attests that he or she "has read the document; that to the best of the [prosecutor's] knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Civ.R. 11. The use of the word "certify" is significant. "Certify" places an obligation on the prosecution to comply with the requirements of the rule.

{¶ 9} The trial court and the court of appeals do not possess adequate or complete prosecutorial information and, therefore, are unable to make an informed judgment as to whether sufficient evidence remains to prosecute after the controverted evidence has been suppressed. Only the prosecutor possesses the complete work product files and is in an informed position to make this determination for purposes of certification. Before the trial has taken place it is, generally, solely within the prosecutor's province to know the exact and complete quantity, credibility, and sufficiency of the evidence against the defendant.

{¶ 10} Crim.R. 12(J) includes a sanction if the prosecutor appeals without sufficient basis. If the court of appeals affirms the trial court's granting of the motion to suppress, the state is prohibited from "prosecuting the defendant for the same offense or offenses except upon a showing of newly discovered evidence that the state could not, with reasonable diligence, have discovered before filing of the notice of appeal." Accordingly, it is the prosecutor who incurs the risk of dismissal of the charges. It is not for the courts to review the sufficiency of the evidence until after the evidence has been properly submitted to the factfinder in a trial. Because the state certifies that the trial court's ruling has destroyed its case, the ruling is, in

essence, a final order. See *State v. French* (1995), 72 Ohio St.3d 446, 449, 650 N.E.2d 887, 890; *State v. Davidson* (1985), 17 Ohio St.3d 132, 17 OBR 277, 477 N.E.2d 1141, syllabus.

{¶ 11} Finally, in *State v. Fraternal Order of Eagles*, *supra*, 58 Ohio St.3d 166, 569 N.E.2d 478, syllabus, we held that "[w]here a motion to suppress is made and granted after the commencement of trial, a trial court shall not proceed to enter a judgment of acquittal so as to defeat the state's right of appeal pursuant to Crim.R. 12(J)." In *Fraternal Order of Eagles*, the defendant filed a pretrial motion to suppress certain prosecution evidence. The trial court granted the motion to suppress and simultaneously entered a judgment of acquittal, thus negating the need for a trial. In its "Final Judgment of Acquittal," the trial court stated that " '[t]he Court finding that the motion to suppress should be granted must necessarily find that the remaining evidence of the State is insufficient to sustain a criminal conviction. The Court therefore finds the defendant * * * not guilty. * * *' " *Id.* at 167, 569 N.E.2d at 479.

{¶ 12} This court subsequently held that it is not for the trial court to determine the sufficiency of the state's evidence to proceed with the prosecution. This court went on to hold that "the state must be permitted to determine whether it will seek a stay of proceedings in order to exercise its right of appeal pursuant to Crim.R. 12(J), or alternatively to proceed to a final verdict or judgment. The choice is that of the prosecution." *Id.* at 169, 569 N.E.2d at 481. This same reasoning can be applied to an appellate court. An appellate court is without authority to review a prosecutor's Crim.R. 12(J) certification that the granting of a motion to suppress has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. The court of appeals may not therefore dismiss the prosecutor's appeal for want of a final appealable order based on the merits of the prosecutor's certification.

{¶ 13} Accordingly, we reverse the judgment of the court of appeals and remand this cause to that court for further proceedings consistent with this opinion.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————