DECISION AND JUDGMENT ENTRY
In this accelerated appeal, appellant, the state of Ohio, asks this court to reverse a judgment of the Norwalk Municipal Court granting appellee's motion to dismiss for lack of probable cause to stop appellee, to administer sobriety tests, to arrest appellee and to administer a breath alcohol test. Appellant asserts two assignments of error:
 "The Trial Court erred when it granted a Defendant's Motion to Dismiss a criminal complaint, not upon the sufficiency of the charging instrument, but upon a perceived lack of probable cause to administer field sobriety tests and/or arrest.
 "The Trial Court erred in failing to apply the `totality of the circumstances test' of Mason v. Murphy, supra [sic] and State v. Holman, supra [sic] in holding that there was no probable cause to administer field sobriety tests and/or to arrest the defendant."
Because we find that the trial court erred as a matter of law in dismissing the case against appellee, Bonnie K. Kennard, we shall not address the merits of appellant's assignments of error.
In the case below, appellee's trial counsel filed a "Motion to Dismiss" the charges against his client for lack of probable cause. A reading of that motion discloses that although captioned a motion to dismiss, the document filed was, in reality, a motion to suppress evidence obtained as the result of an unlawful search and seizure and, as such, fell within the parameters of Crim.R. 12. Unfortunately, the caption on this motion caused great confusion in the instant case.
The trial court held a hearing on the motion, and based on the evidence adduced at that hearing, the trial court held:
 "On testimony presented the court finds the officer observed the defendant operate a vehicle without a licence plate light and weaving within her lane. On stopping the defendant, the officer's testimony indicated that he observed the defendant to have slurred speech. This court's close scrutiny of the audio and visual tape of the defendant's arrest, which included all conversation with the defendant from the time of the stop to the time of arrest, failed to show any slurred speech whatsoever.
 "Based on the above the court finds the officer had no probable cause to administer field sobriety tests and/or to arrest the defendant and the defendant's motion to dismiss is granted." (Emphasis added.)
R.C. 2945.67 and Crim.R. 12(J) govern appellant's right to appeal an adverse ruling on a motion to suppress. State v. Bertram (1997),80 Ohio St.3d 281, 283. Pursuant to the statute, an appeal of that ruling is an appeal of right rather than a state appeal made through leave granted by an appellate court. R.C. 2945.67(A); Id. Crim.R. 12(J) sets forth the procedure that the state must follow in appealing the ruling and requires the prosecutor to certify: "(1) the appeal is not taken for the purpose of delay; and (2) the ruling on the motion or motions has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed." Furthermore, the certification and the notice of appeal must be filed with the clerk of the trial court within seven days after the date of the order appealed from. Id.
Crim.R. 12(J) reveals that the rule provides the prosecuting attorney, not the trial court, with the opportunity to determine the sufficiency of the evidence to proceed with the prosecution. State v. Bertram,80 Ohio St.3d at 284. Thus, "the state must be permitted to determine whether it will seek a stay of proceedings in order to exercise its right of appeal pursuant to Crim.R. 12(J), or alternatively to proceed to a final verdict or judgment. The choice is that of the prosecution." State v. FraternalOrder of Eagles Aerie, 58 Ohio St.3d 166, 169.
In the case before us, the municipal court's dismissal of the state's case against appellee deprived appellant of its opportunity to determine the sufficiency of its own case and constitutes error as a matter of law. Accordingly, that portion of the Norwalk Municipal Court's judgment dismissing the case against Bonnie K. Kennard is reversed. Due to our disposition of this cause, we do not reach the merits of appellant's assignments of error. This case is remanded to the municipal court for further proceedings consistent with this judgment. The state of Ohio and Bonnie K. Kennard are ordered to each pay one-half of the costs of this appeal.
 ____________________________ Melvin L. Resnick, J.
 Mark L. Pietrykowski, J., George M. Glasser, J., JUDGES CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.