OPINION
Plaintiff-appellant, the state of Ohio, appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, granting the motion to suppress of defendant-appellee, James Wilson, in a shoplifting case.
By complaint filed in the juvenile court, 17-year-old Wilson was charged as a delinquent child for theft in violation of R.C. 2913.02 and possession of marijuana in violation of R.C. 2925.11(C)(3)(a). The charges stemmed from an incident that occurred on May 18, 2001 in the Nike outlet store in Jeffersonville, Ohio.
That day, Billy Fruge, a district loss prevention manager for Nike, observed Wilson enter the outlet store, select a pair of Nike shoes, put them on his feet, put his old shoes in the empty box, place the box onto a shelf, and exit the store without paying for the shoes on his feet. Fruge apprehended Wilson outside of the store and took him to the store manager's office. There, Lance Zentmeyer, the store manager, observed that Wilson was wearing a brand new pair of Nike Air Trainer Swift shoes, a model sold by the store. A Nike Air Trainer Swift box containing an old pair of shoes was subsequently brought to the manager's office. In the presence of Zentmeyer, Wilson admitted that the shoes in the box were his. A subsequent search of Wilson's person in the presence of Zentmeyer yielded a bag of marijuana. While Fruge was temporarily out of the manager's office, Wilson repeatedly asked Zentmeyer to "cut him a break," to let him go, to "let [him] ride this time." Zentmeyer told Wilson the decision was not up to him. Wilson was eventually arrested by a Fayette County deputy sheriff dispatched to the store.
Wilson filed a motion to suppress evidence on the ground that the search was in violation of R.C. 2935.041(D), and therefore in violation of his constitutional rights. On October 16, 2001, the matter came on for a hearing on Wilson's motion to suppress, and for adjudication. Following the hearing, the juvenile court suppressed evidence of the marijuana on the ground that the search was performed without Wilson's consent, and therefore in violation of R.C. 2935.041(D). The juvenile court, however, denied Wilson's motion to suppress evidence of the brand new shoes. The court found that no search was needed for the shoes as they were visible on Wilson's person. The matter then proceeded to adjudication. Shortly after Zentmeyer started to testify on behalf of the state, Wilson successfully moved to dismiss the case on the ground that the absence of Fruge as a witness for the state violated his constitutional right to confront his accuser. By judgment entry filed October 18, 2001, the juvenile court found Wilson not delinquent under the marijuana possession charge due to the state's failure to present any evidence or witnesses, and dismissed the theft charge on constitutional grounds. This appeal follows in which the state raises three assignments of error.
Assignment of Error No. 1:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE STATE WHEN IT GRANTED APPELLEE'S MOTION TO SUPPRESS THE MARIJUANA BECAUSE SEARCH AND SEIZURE BY A PRIVATE PERSON IS NOT PROHIBITED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION."
When considering a motion to suppress evidence, the trial court serves as the trier of fact and is the primary judge of the credibility of witnesses and the weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19, 20. When reviewing a trial court's decision on a motion to suppress, an appellate court must accept the trial court's factual findings if they are supported by substantial and credible evidence.State v. Williams (1993), 86 Ohio App.3d 37, 41. An appellate court, however, reviews de novo whether the trial court applied the appropriate legal standard to the facts. State v. Anderson (1995),100 Ohio App.3d 688, 691.
We agree with the juvenile court that the search performed by Fruge on Wilson's person was without Wilson's consent. The search was therefore in violation of R.C. 2935.041(D) which provides that "the merchant or his employee or agent * * * shall not search the person, search or seize any property belonging to the person detained without the person's consent, or use undue restraint upon the person detained." The issue is then whether the evidence was inadmissible under the Fourth Amendment and the exclusionary rule.
The prevailing view is that the Fourth Amendment and the exclusionary rule apply only to government action and not to the actions of private persons. In the United States Supreme Court's words, the Fourth Amendment protection is "wholly inapplicable `to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or knowledge of any government official.'" United States v. Jacobsen (1984), 466 U.S. 109,113, 104 S.Ct. 1652. See, also, Burdeau v. McDowell (1921), 256 U.S. 465,41 S.Ct. 574; Evans v. Smith (1994), 97 Ohio App.3d 59. Evidence discovered and seized by private persons is admissible in a criminal prosecution, regardless of whether such evidence was obtained by legal or illegal methods, so long as there is no government participation in the search. See State v. Meyers, Allen App. No. 1-01-48, 2001-Ohio-2282;State v. Hegbar (Dec. 5, 1985), Cuyahoga App. No. 49828; State v.McDaniel (1975), 44 Ohio App.2d 163. "[I]t makes no difference that the private employer's objections [sic] in keeping the business operation free of criminal activity coincid[e] with the government interest in law enforcement." State v. Chung (Feb. 19, 1999), Montgomery App. No. 17154, 1999 Ohio App. LEXIS 501, at *7.
In the case at bar, the record shows that while Fruge was a district loss prevention manager for Nike, he was not a law enforcement officer or a deputy sheriff. The record is devoid of any evidence that Fruge was acting at the request or insistence of the state, or that the search of Wilson's person and subsequent seizure of the marijuana were undertaken in cooperation with law enforcement officials. We therefore find that although the marijuana was obtained in violation of R.C. 2935.041(D), it was nevertheless admissible and the juvenile court erred by granting Wilson's motion to suppress. The state's first assignment of error is accordingly well-taken and sustained.
Assignment of Error No. 2:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE STATE WHEN IT FAILED TO ALLOW THE STATE TO SEEK A STAY OF THE PROCEEDINGS FOLLOWING THE GRANTING OF APPELLEE'S MOTION TO SUPPRESS AS TO THE MARIJUANA CHARGE."
R.C. 2945.67 and Juv.R. 22(F) establish the state's right to appeal in delinquency proceedings an adverse ruling on a motion to suppress and the procedure for such appeals. R.C. 2945.67(A) provides that "[a] prosecuting attorney * * * may appeal as a matter of right * * * any decision of a juvenile court in a delinquency case, which decision grants a * * * motion to suppress evidence * * *." Juv.R. 22(F), in turn, provides that "[i]n delinquency proceedings[,] the state may take an appeal as of right from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that (1) the appeal is not taken for the purpose of delay and (2) the granting of the motion has rendered proof available to the state so weak in its entirety that any reasonable possibility of proving the complaint's allegations has been destroyed."
"Such appeal shall not be allowed unless the notice of appeal and the certification by the prosecuting attorney are filed with the clerk of the juvenile court within seven days after the date of the entry of the judgment or order granting the motion. Any appeal which may be taken under this rule shall be diligently prosecuted." Juv.R. 22(F); see, also, Crim.R. 12(J) which sets forth in almost identical language the proper procedure a prosecutor must follow in order to initiate an appeal pursuant to R.C. 2945.67(A).
While "the state must be permitted to determine whether it will seek a stay of proceedings in order to exercise its right of appeal pursuant to Crim.R. 12(J), or alternatively to proceed to a final verdict or judgment[,]" State v. Bertram, 80 Ohio St.3d 281, 284, 1997-Ohio-114, both R.C. 2945.67 and Juv.R. 22(F) clearly require the state to file a notice of appeal and a certification. A mere wish to seek a stay of proceedings and exercise its right of appeal will not do. We note that we have not found, and the state has not cited any cases for the proposition that a trial court can sua sponte grant a stay of proceedings.
The state contends that following the juvenile court's granting of Wilson's motion to suppress, the state "wished for a stay [but that] [t]he court denied the state's request and found the youth not delinquent as the State failed to present any evidence or witnesses." The state misconstrues what happened before the juvenile court.
Following the juvenile court's granting of Wilson's motion to suppress, the matter proceeded to adjudication. After both counsel entered their appearance for the record, the juvenile court asked the prosecutor if he had an opening statement. The prosecutor replied that "Your honor, as uh, opening statement the State would say * * * this Court has just held a Motion to Suppress query and any uh, uh evidence of uh, marijuana being in an on the person of James Wilson is uh, is suppressed, uh therefore the State feels that it will not be able to prove count two of the complaint uh with the uh Courts [sic] finding. Uh in light of that we still intend on going forward with count number one. And um, uh not waiving any appellate rights, the State uh, to do so. Were [sic] going to not make any motion to dismiss on the record. But uh, we'll say that uh, your ruling has uh to my feeling, fatally crippled the State's ability to prove count two. But we will go forward on count one because we all are present and I think [defense counsel] uh, wished to go forward and uh, we feel that uh, the State will at least give the Court uh, sufficient evidence to make uh, uh, sufficient uh, finding on count number one. Thank you." Thereafter, defense counsel waived opening, and the state called its first witness, Zentmeyer.
It is axiomatic that for a request to be denied by a trial court, it must first have been made. Once the juvenile court granted Wilson's motion to suppress, it was incumbent upon the state to request a stay of proceedings to exercise its right of appeal. The state failed to request such stay and to exercise its right of appeal. The state should not be heard to cry foul when it failed to comply with R.C. 2945.67 and Juv.R. 22(F). The state's second assignment of error is accordingly overruled.
Assignment of Error No. 3:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE STATE BY GRANTING APPELLEE'S MOTION TO DISMISS THE THEFT COUNT BECAUSE THE CONSTITUTIONAL RIGHT OF A DEFENDANT TO FACE HIS ACCUSER APPLIES ONLY WHERE THE ACCUSER ACTUALLY TESTIFIES OR PROVIDES INFORMATION WHICH IS USED AT TRIAL AGAINST THE DEFENDANT."
The complaint filed in the juvenile court against Wilson was signed by Fruge. Fruge was not present at the adjudication hearing. As a result, the juvenile court granted Wilson's motion to dismiss the theft charge on the ground that Fruge's absence violated Wilson's constitutional right to confront his accuser, Fruge.
"The Sixth Amendment to the United States Constitution guarantees the accused in a criminal prosecution the right `to be confronted with the witnesses against him.' Likewise, the Ohio Constitution provides that in any trial, the accused must be permitted `to meet the witnesses face to face.'" In re Howard (1997), 119 Ohio App.3d 33, 37. "The Confrontation Clauses were written into our Constitutions `to secure for the opponent the opportunity of cross-examination.'" State v. Self (1990),56 Ohio St.3d 73, 76. Thus, "[t]he right of a defendant to face his accuser applies only where the accuser actually testifies against the defendant or provides information which is used at trial against the defendant." Cuyahoga Falls v. Wilkerson (Dec. 20, 2000), Summit App. No. 20034, 2000 WL 1859839, at *1.
Although Fruge signed the initial complaint against Wilson, we see no reason why the state cannot present its case through witnesses other than the person who signed the complaint, if it is able to do so. See Statev. Ramey (Nov. 12, 1999), Clark App. No. 99 CA 28. A defendant can always subpoena the complaint signer if it is in the defendant's interest. Id. Zentmeyer, the store manager, was ready to testify on behalf of the state and would have been available for cross-examination. Zentmeyer observed the brand new shoes on Wilson's feet. Zentmeyer was present when Wilson was detained and searched, when the shoes and marijuana were seized from Wilson's person, and when Wilson admitted that the old pair of shoes found in the Nike Air Trainer Swift box were his. As a result, there was no need to use any information provided by Fruge against Wilson at trial. Of course, it is axiomatic that because Fruge did not testify at trial, he provided no evidence against Wilson.
We therefore find that Wilson's constitutional right to confrontation was not violated by Fruge's absence at his trial and that the juvenile court erred by granting Wilson's motion to dismiss the theft charge against Wilson. The state's third assignment of error is accordingly well-taken and sustained.
Judgment reversed and remanded to the trial court for further proceedings according to law and consistent with this opinion.
WALSH, P.J., and VALEN, J., concur.