DECISION AND JUDGMENT ENTRY
{¶ 1} The state of Ohio appeals a decision of the Erie County Court that dismissed the charges pending against Teri Malone after suppressing evidence obtained in a traffic stop of her vehicle. We reverse the decision of the Erie County Court and remand the case.
 Facts {¶ 2} The following testimony was obtained at the suppression hearing held on December 1, 2003. Jared Oliver, a deputy sheriff with the Erie County Sheriff's Office with five years experience, testified for the state of Ohio. On September 8, 2003, at approximately 2:10 a.m., Oliver was on routine patrol in Margaretta Township in Erie County, when he passed by Boze's Bar on Tiffin Avenue. Although the bar was closed on Sunday night, he saw a car in the parking lot with two passengers. Oliver "stopped to check on the business for security reasons" because there had been break-ins before. He became more suspicious when the occupants "immediately backed up to start driving out of the parking lot" as his cruiser pulled in. He stopped the car inside the parking lot to investigate.
 {¶ 3} Oliver also testified that when he spoke with the driver, Malone, she was "highly intoxicated" and a "very strong odor of intoxicants [was] coming from the inside of the vehicle." Malone failed a number of field sobriety tests and got a "195" on her breath test. She was cited for violating R.C. 4511.19(A)(1) and R.C. 4511.19(A)(6) (operating a motor vehicle while intoxicated) as well as R.C. 4507.02(B)(1) (driving under suspension).
 {¶ 4} During cross-examination, Oliver testified that the last break-in at Boze's Bar had occurred within the past two to three weeks. He also clarified that he suspected criminal activity was occurring and was concerned that people were at the bar when it was closed.
 {¶ 5} On December 19, 2003, the trial court granted Malone's motion to suppress. Relying solely on our case of Sylvania v.Comeau, 6th Dist. No. L-01-1232, 2002-Ohio-529, the trial court suppressed evidence obtained from the traffic stop and dismissed all of Malone's pending charges. The state now appeals.
 Assignments of Error {¶ 6} "Whether the trial court erred in suppressing evidence when the police officer had a reasonable articulable suspicion of criminal activity to effectuate a stop of appellee's vehicle."
 {¶ 7} "Whether the trial court erred in, sua sponte,
dismissing the charges against appellee on the basis of appellee's motion to suppress."
 State's Ability to Appeal as a Matter of Right {¶ 8} There are few instances when the prosecution may appeal a decision of the trial court as a matter of right. These rare exceptions are found in R.C. 2945.67(A). The statute gives the state the limited right to appeal orders granting: "(1) a motion to dismiss all or part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for the return of seized property; or (4) postconviction relief. The state may also appeal `any other decision' of the trial court but only if it first obtains leave to do so from the court of appeals. R.C. 2945.67(A)." State v. Kole (Sept. 29, 2000), Ashtabula App. No. 99-A-0015. (Citations omitted). See generally,State v. Keeton (1985), 18 Ohio St.3d 379. Here, the trial court granted Malone's motion to suppress and then dismissed her traffic charges; therefore, the state was allowed to appeal the decision of the Erie County Court as a matter of right.
 First Assignment of Error {¶ 9} The state, in its first assignment of error, states that the police officer had a reasonable articulable suspicion to stop Malone's vehicle. We agree and find the trial court erred as a matter of law in granting the motion to suppress.
 {¶ 10} The Ohio Supreme Court stated recently that "[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." State v.Burnside, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. (Citations omitted). See also, State v. Sparkman, 6th Dist. No. H-03-017, 2004-Ohio-1338, at ¶ 4.
 {¶ 11} The review of a traffic stop requires an additional determination by the appellate court. "[U]ltimate questions of reasonable suspicion and probable cause to make a warrantless search should be reviewed de novo" on appeal. Ornelas v.United States (1996), 517 U.S. 690, 691, 699. See also, UnitedStates v. Arvizu (2002), 534 U.S. 266, 276. Ohio appellate courts follow this standard. State v. Myers, 5th Dist No. 03-CA-61, 2004-Ohio-3052, at ¶ 45; State v. Burnett,
10th Dist. No. 02AP-863, 2003-Ohio-1787, at ¶ 9; State v.Piggott, 2nd Dist. No. 18962, 2002-Ohio-3810, at ¶ 31;State v. Featherstone, 150 Ohio App.3d 24, 2002-Ohio-6028, at ¶10; State v. Bing (1999), 134 Ohio App.3d 444, 448
 {¶ 12} Propriety of an investigative stop by a police officer is to be viewed in light of the totality of the surrounding circumstances. State v. Bobo (1988), 37 Ohio St.3d 177, at paragraph one of the syllabus. These circumstances are to be viewed through the eyes of the reasonable and prudent police officer on the scene who reacts to events as they unfold. Statev. Andrews (1991), 57 Ohio St.3d 86, 87-88.
 {¶ 13} An area's reputation for criminal activity can play a part in determining whether a stop to investigate suspicious behavior is proper. Id., at 88. See also, State v. Bobo (1988),37 Ohio St.3d 177, 179; State v. Freeman (1980),64 Ohio St.2d 291, 295. The mere presence of someone in a high crime area is not enough to meet the standard of "reasonable, particularized suspicion" that the person is committing a crime. But officers need not ignore the relevant characteristics of a location in determining whether the circumstances are sufficiently suspicious to warrant further investigation. Illinois v. Wardlow (2000),528 U.S. 119, 124. (Citations omitted.)
 {¶ 14} Situations similar to the one here have been found suspicious enough for a police officer to make a traffic stop for further investigation. State v. Richardson, 9th Dist. No. 21144, 2003-Ohio-246 (pick-up truck at a closed restaurant in high crime area); State v. Claiborne, 2nd Dist. No. 19060, 2002-Ohio-2696 (vehicle at closed shopping center where car break-ins had occurred); State v. Thompson (May 15, 1995), Washington App. No. 94CA35 (car parked in alley near burglary);State v. Lynn (Nov. 7, 1984), Hamilton App. No. C-840126 (car at a closed bank half mile from recent burglary). In those cases, the vehicle attempted to leave the scene when the officer approached.
 {¶ 15} Here, Oliver was on routine patrol when he passed Boze's Bar early Monday morning. He knew that the bar was closed and a number of burglaries had occurred recently. When he saw a car sitting in the parking lot, he made a security check. Malone's car immediately backed up and started to leave the lot when the patrol car approached. This elevated Oliver's suspicion, so that he decided to stop Malone's car to investigate.
 {¶ 16} The trial court interpreted those facts to mean that reasonable suspicion did not exist, relying solely on our decision in Sylvania v. Comeau, 6th Dist. No. L-01-1232, 2002-Ohio-529. In Comeau, officers were stationed to stake out a business because the owner felt that a disgruntled employeemay commit a crime. In contrast, Oliver passed the bar while on routine patrol. In Comeau, no crime had yet happened; here, Oliver knew that crimes had recently occurred.
 {¶ 17} We distinguish this case from Comeau and find that Oliver had reasonable suspicion on these facts to stop Malone's vehicle. The trial court erred in suppressing the evidence, and the first assignment of error is well-taken.
 Second Assignment of Error {¶ 18} The second assignment of error challenges the right of the trial judge to dismiss Malone's pending charges after deciding a motion to suppress in her favor. We agree with the state that the choice belongs to the prosecution.
 {¶ 19} The Ohio Supreme Court explained that when a motion to suppress is granted, "it is not for the trial court to determine the sufficiency of the state's evidence to proceed with the prosecution and hence enter a judgment of acquittal. Rather, the state must be permitted to determine whether it will seek a stay of proceedings in order to exercise its right of appeal pursuant to [Crim.R. 12(K)], or alternatively to proceed to a final verdict or judgment. The choice is that of the prosecution."State v. Fraternal Order of Eagles Aerie 0337 Buckeye (1991),58 Ohio St.3d 166, 169.
 {¶ 20} The reason for this holding is that both appellate and trial courts do not possess adequate or complete prosecutorial information and are unable to make an informed judgment whether sufficient evidence remains to prosecute. State v. Bertram
(1997), 80 Ohio St.3d 281, 284. Dismissal of a case by the trial court after granting a motion to suppress is error because it deprives the prosecution of its opportunity to determine the sufficiency of its own case. State v. Kennard (Dec. 22, 2000), Huron App. No. H-00-027. See also, State v. Francis, 3rd
Dist. No. 6-02-09, 2003-Ohio-568, at ¶ 9-14; State v. Hamilton
(1994), 97 Ohio App.3d 648, 651.
 {¶ 21} The trial court, therefore, erred when it dismissed the charges pending against Malone after ruling in her favor on the motion to suppress. The second assignment of error is found well-taken.
 {¶ 22} As both assignments are well-taken, the decision of the Erie County Court is reversed. The case is remanded to the trial court for actions consistent with this judgment. The appellee is ordered to pay the court costs of this appeal.
Judgment Reversed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Lanzinger, J., concur.