**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Prade v. Ninth Dist. Court of Appeals,* Slip Opinion No. 2017-Ohio-7651.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-7651

THE STATE EX REL. PRADE *v.* NINTH DISTRICT COURT OF APPEALS ET AL.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Prade v. Ninth Dist. Court of Appeals,* Slip Opinion No. 2017-Ohio-7651.]

*Prohibition—Criminal procedure—R.C. 2945.67(A) and 2953.23(B) unambiguously allow the state an absolute right to appeal a judgment granting postconviction relief—Respondents' exercise of jurisdiction following the trial court's judgment was not unauthorized by law—Writ denied.*

(No. 2016-0686—Submitted April 4, 2017—Decided September 20, 2017.)

IN PROHIBITION.

————————————

**Per Curiam.**

{¶ 1} In 1998, relator, Douglas Prade, was convicted of murdering his former wife, Dr. Margo Prade. In January 2013, the Summit County Court of Common Pleas determined, based on results from new DNA testing and other

evidence, that Prade was actually innocent of the aggravated murder and granted him postconviction relief under R.C. 2953.21. However, upon the state's appeal from the postconviction judgment, the Ninth District Court of Appeals reversed. On remand, a new common pleas judge, Judge Christine Croce, reinstated Prade's aggravated-murder conviction and sentence.

**{¶ 2}** In this original action, Prade requests a writ of prohibition to void respondent the Ninth District Court of Appeals' judgment in the state's appeal of the postconviction judgment, to void respondent Judge Croce's subsequent orders on remand, and to preclude the Ninth District from ruling on Prade's direct appeal of Judge Croce's denial of his motion for a new trial.

**{¶ 3}** We deny the writ of prohibition because R.C. 2945.67(A) and 2953.23(B) unambiguously allow the state an absolute right to appeal a judgment granting postconviction relief, and therefore, respondents' exercise of jurisdiction following the trial court's judgment was not unauthorized by law.

**Background**

**{¶ 4}** In 1998, Prade was convicted and sentenced to life in prison for the 1997 aggravated murder of his former wife, Dr. Margo Prade. The Ninth District Court of Appeals affirmed Prade's conviction on direct appeal. *State v. Prade*, 139 Ohio App.3d 676, 745 N.E.2d 475 (9th Dist.2000).

**{¶ 5}** The physical evidence at Prade's trial included a bite mark that the killer made on Dr. Prade's arm through her lab coat. Because there was a large amount of Dr. Prade's blood on the lab coat, the results of DNA tests performed on cuttings taken from the area of the lab coat around the bite mark in 1998 were inconclusive, showing only Dr. Prade's DNA.

**{¶ 6}** In 2008, Prade filed an application under R.C. 2953.71 et seq. for new DNA testing of the lab coat, citing major advances in DNA testing since his trial. The trial court denied Prade's application, and the court of appeals affirmed. However, this court reversed and remanded the case to the trial court. *State v.*

*Prade*, 126 Ohio St.3d 27, 2010-Ohio-1842, 930 N.E.2d 287, ¶ 30. On remand, the trial court ordered that Dr. Prade's coat and other items be tested for DNA by two labs, the DNA Diagnostics Center and the Ohio Bureau of Criminal Investigation.

{¶ 7} In July 2012, Prade filed in the trial court a "petition for postconviction relief * * * or in the alternative, motion for new trial," to which he attached the DNA results and additional evidence. On January 29, 2013, the court granted Prade's petition for postconviction relief. The court concluded:

> [T]he evidence that the Defendant presented in this case is clear and convincing. Based on the review of the conclusive Y-STR DNA test results and the evidence from the 1998 trial, the Court is firmly convinced that no reasonable juror would convict the Defendant for the crime of aggravated murder with a firearm. The Court concludes as a matter of law that the Defendant is actually innocent of aggravated murder. As such, the Court overturns the Defendant's convictions for aggravated murder with a firearms [sic] specification, and he shall be discharged from prison forthwith. The Defendant's Petition for Post-conviction relief is granted.

The trial court also stated, "In the alternative, should this Court's order granting post-conviction relief be overturned pursuant to appeal, then the Motion for New Trial is granted."

{¶ 8} The state immediately filed a notice of appeal from the trial court's judgment. On March 19, 2014, the Ninth District Court of Appeals reversed and remanded the case for further proceedings. *State v. Prade*, 2014-Ohio-1035, 9 N.E.3d 1072, ¶ 131.

{¶ 9} On remand, the case was reassigned to Judge Croce. Judge Croce ordered that Prade's conviction for aggravated murder be reinstated and that he be

returned to prison consistent with the 1998 sentencing order. Prade has been imprisoned since July 25, 2014. He has appealed Judge Croce's denial of his motion for a new trial; the Ninth District Court of Appeals has stayed its consideration of that appeal pending our decision in this case.

{¶ 10} On May 4, 2016, Prade filed this original action seeking a writ of prohibition. On July 27, 2016, this court denied respondents' motions to dismiss and issued an alternative writ. 146 Ohio St.3d 1467, 2016-Ohio-5108, 54 N.E.3d 1266.

## Legal Analysis

{¶ 11} "A writ of prohibition is an extraordinary remedy that is granted in limited circumstances with great caution and restraint." *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). A writ of prohibition will issue upon the showing of three elements: "the exercise of judicial power, the lack of authority for the exercise of that power, and the lack of an adequate remedy in the ordinary course of law." *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 61. There is no dispute that the first element has been established: the Ninth District unquestionably exercised judicial power by considering the state's appeal, as did Judge Croce in effectuating the court of appeals' judgment on remand. However, Prade must also establish that respondents' exercise of judicial power was unauthorized by law.

*R.C. 2945.67(A) Authorizes the State to Appeal in Certain Situations*

{¶ 12} R.C. 2945.67(A) limits the ability of the state to appeal in criminal cases. *State ex rel. Steffen v. First Dist. Court of Appeals*, 126 Ohio St.3d 405, 2010-Ohio-2430, 934 N.E.2d 906, at ¶ 21. R.C. 2945.67(A) provides:

> A prosecuting attorney, village solicitor, city director of law, or the attorney general *may appeal as a matter of right any decision of a trial court* in a criminal case, or any decision of a juvenile court in a

4

delinquency case, *which decision* grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or a motion for the return of seized property or *grants post conviction relief pursuant to sections 2953.21 to 2953.24 of the Revised Code*, and may appeal by leave of the court to which the appeal is taken any other decision, except the final verdict, of the trial court in a criminal case or of the juvenile court in a delinquency case.

(Emphasis added.)

{¶ 13} Prade asserts that the "except the final verdict" modifier in R.C. 2945.67(A) applies not only to appeals by leave of court but also to appeals as of right and that the trial court's judgment granting him postconviction relief and finding him actually innocent is a "final verdict" from which the state may not appeal. In the alternative, Prade argues that even if the state *can* appeal the trial court's grant of postconviction relief, the finding of actual innocence remains a separate decision that constitutes an unappealable final verdict. Prade's arguments turn on faulty premises and are ultimately unpersuasive.

*R.C. 2945.67(A) Unambiguously Grants the State the Right to Appeal a Trial Court's Judgment Granting Postconviction Relief*

{¶ 14} When confronted with an argument over the meaning of a statute, this court's " 'paramount concern is the legislative intent' of its enactment." *Steffen* at ¶ 30, quoting *State ex rel. Steele v. Morrissey*, 103 Ohio St.3d 355, 2004-Ohio-4960, 815 N.E.2d 1107, ¶ 21. In discerning legislative intent, we "consider the statutory language in context, construing words and phrases in accordance with rules of grammar and common usage." *State Farm Mut. Auto. Ins. Co. v. Grace*, 123 Ohio St.3d 471, 2009-Ohio-5934, 918 N.E.2d 135, ¶ 25; *accord* R.C. 1.42. And when "the meaning of a statute is unambiguous and definite, it must be applied

as written and no further interpretation is necessary." *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996), citing *State ex rel. Herman v. Klopfleisch*, 72 Ohio St.3d 581, 584, 651 N.E.2d 995 (1995).

**{¶ 15}** We begin by noting that "referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent." *Carter v. Youngstown Div. of Water*, 146 Ohio St. 203, 209, 65 N.E.2d 63 (1946). Thus, on its face, the qualifying phrase "except the final verdict" applies only to the second part of R.C. 2945.67(A). It does not apply to the four situations listed in the "appeal as of right" portion of the statute. *Accord State v. Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 629 (1985), paragraph one of the syllabus.

**{¶ 16}** We have previously noted that the legislative intent behind R.C. 2945.67(A) was "apparent" and that the statute granted the state an appeal as of right from four distinct categories of trial-court decisions: "(1) a decision which grants a motion to dismiss all or any part of an indictment, complaint, or information; (2) a motion to suppress evidence; (3) a motion for return of seized property; and (4) a motion which grants post-conviction relief under R.C. 2953.21 to 2953.24." *State v. Fraternal Order of Eagles Aerie 0337 Buckeye*, 58 Ohio St.3d 166, 167, 569 N.E.2d 478 (1991) ("*F.O.E. Aerie 0337*"). We also noted that "the last portion of R.C. 2945.67(A) provides the state with a discretionary appeal 'by leave of the court' from any other decision of the trial court, except a final verdict." *Id.*

**{¶ 17}** Our decision in *F.O.E. Aerie 0337* is consistent with our earlier decisions addressing the meaning of R.C. 2945.67(A). For instance, in 1985, we determined that a "directed verdict of acquittal [under Crim.R. 29(A)] by the trial judge in a criminal case is a 'final verdict' within the meaning of R.C. 2945.67(A) which is not appealable by the state as a matter of right or by leave * * *." *Keeton*, 18 Ohio St.3d 379, 481 N.E.2d 629 (1985), at paragraph two of the syllabus. We

further held that "[i]n addition to those rulings in which the state is granted an appeal as of right pursuant to R.C. 2945.67(A) the state may, by leave of the appellate court, appeal any decision of a trial court in a criminal case which is adverse to the state except a final verdict." *Id.* at paragraph one of the syllabus. This means that the "except the final verdict" language applies only to appeals by leave, which are in addition to the four specific types of decisions from which the state has an appeal as of right. Two years later, we held that a judgment of acquittal based on Crim.R. 29(C) is a "final verdict" that "is not appealable by the state as a matter of right or by leave to appeal pursuant to [R.C. 2945.67(A)]." *State ex rel. Yates v. Montgomery Cty. Court of Appeals*, 32 Ohio St.3d 30, 512 N.E.2d 343 (1987), syllabus (following *Keeton*).

{¶ 18} Prade argues that this court's statement in *Yates* that "R.C. 2945.67(A) prevents an appeal of any final verdict," *see id.* at 32, means that the statute's "except the final verdict" language applies to both as-of-right appeals and by-leave-of-court appeals. However, *Keeton* makes clear that the state's right to seek leave to appeal is *in addition to* its right to appeal the four types of trial-court decisions specifically enumerated. The express language of R.C. 2945.67(A) bars the state from seeking leave to appeal "any final verdict." It follows that the state also has no appeal of as right from a final verdict because a "final verdict" is not listed among the four distinct types of trial-court decisions from which the state may appeal as of right.

{¶ 19} Prade therefore is incorrect that *Yates* stands for the proposition that the "except the final verdict" language limits the types of decisions from which the state has a right to appeal under R.C. 2945.67(A). Consistent with *Keeton*, *Yates*, and *F.O.E. Aerie 0337*, we conclude that R.C. 2945.67(A) is not ambiguous and expressly grants the state an absolute appeal as of right from a decision granting postconviction relief. Moreover, the statute governing postconviction appeals, R.C. 2953.23, confirms this construction of R.C. 2945.67(A). R.C. 2953.23(B) provides

that "[a]n order awarding or denying relief sought in a petition filed pursuant to section 2953.21 of the Revised Code is a final judgment and may be appealed pursuant to Chapter 2953. of the Revised Code."

{¶ 20} Prade contends that any interpretation of R.C. 2945.67(A) must be strictly construed against the state because the statute represents a departure from the "general rule prohibiting appeals by the state in criminal prosecutions," *State v. Bassham*, 94 Ohio St.3d 269, 271, 762 N.E.2d 963 (2002). However, "courts do not have the authority to ignore the plain and unambiguous language of a statute under the guise of either statutory interpretation or liberal construction; in such situation, the courts must give effect to the words utilized." *Morgan v. Adult Parole Auth.*, 68 Ohio St.3d 344, 347, 626 N.E.2d 939 (1994).

{¶ 21} We hold that R.C. 2945.67(A) unambiguously grants the state a right to appeal a trial court's judgment granting postconviction relief, without qualification.

*The Trial Court's Judgment Was a Grant of Postconviction Relief*

{¶ 22} Prade attempts to argue that the postconviction judgment at issue in this case included not one decision but two: the finding of actual innocence and the general grant of postconviction relief. He contends that "[w]hile the State is free to use its 'absolute' right to appeal Judge Hunter's decision granting postconviction relief for purposes of testing the legal soundness of that decision * * * the acquittal itself—a final verdict—must remain undisturbed, as appellate review of the acquittal is barred by R.C. 2945.67(A)."

{¶ 23} One of the cases Prade cites in support of this argument is *State v. Bistricky*, 51 Ohio St.3d 157, 555 N.E.2d 644 (1990). In *Bistricky*, the state sought leave to appeal two substantive legal rulings underlying the trial court's decision to grant a verdict of acquittal in favor of the defendants. The court of appeals dismissed the state's appeal, finding that it lacked authority to review the trial court's judgment, and the state appealed. We reversed, holding that "[a] court of

8

appeals has discretionary authority pursuant to R.C. 2945.67(A) to review substantive law rulings made in a criminal case which result in a judgment of acquittal so long as the judgment itself is not appealed." *Id.* at syllabus.

{¶ 24} *Bistricky* is inapposite. Here, the trial court's order granted postconviction relief. Despite the fact that the trial court's judgment vacated Prade's murder conviction, R.C. 2945.67(A) unambiguously provides the state a right of appeal from a judgment granting postconviction relief. We reject Prade's argument that the judgment is akin to a "final verdict," because it ignores the statute's plain language.

{¶ 25} Alternatively, Prade contends that the trial court's finding of actual innocence transforms its postconviction judgment into a "final verdict." He argues that this was an exoneration and is therefore indistinguishable from the directed verdict in *Keeton* and the Crim.R.29(C) judgment of acquittal in *Yates*. To conclude otherwise, he says, would elevate form over substance. But this is a difference of substance, not form. A "verdict" occurs when guilt or innocence is determined in the first instance. *See* Black's Law Dictionary (10th Ed.2014) (defining "verdict" as "1. A jury's finding or decision on the factual issues of a case"). A judgment granting postconviction relief necessarily occurs subsequent to the "final verdict."

{¶ 26} We reject Prade's arguments, which attempt to introduce needless ambiguity into otherwise clear statutory language and defy the basic tenets of statutory construction.

## Conclusion

{¶ 27} We hold that R.C. 2945.67(A) and 2953.23(B) unambiguously allow the state an absolute right to appeal a judgment granting postconviction relief. Therefore, Prade has not demonstrated that the Ninth District's exercise of jurisdiction over the state's appeal was unauthorized by law. Likewise, he fails to demonstrate that Judge Croce lacked jurisdiction to carry the Ninth's District's

judgment into effect on remand or that the Ninth District lacks jurisdiction over his pending appeal of Judge Croce's denial of his motion for a new trial. Accordingly, he is not entitled to a writ of prohibition.

Writ of prohibition denied.

O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., dissents, with an opinion.

O'CONNOR, C.J., not participating.

_____

**O'NEILL, J., dissenting.**

{¶ 28} Respectfully, I dissent.

{¶ 29} It would appear that relator, Captain Douglas Prade, is serving a life sentence for murdering his wife notwithstanding the fact that the state has not proven that he is guilty of the crime. At trial, the state offered expert testimony that Prade was the individual who bit his wife's arm during her murder, based upon a comparison of the bite mark and a casting of Prade's teeth. *State v. Prade*, 139 Ohio App.3d 676, 699-700, 745 N.E.2d 475 (9th Dist.2000). This was the only physical evidence connecting Prade to the scene of the crime. *Id*. at 697-700. Now, of course, we know that advanced Y-chromosome short tandem repeat ("Y-STR") DNA testing—not in existence at the time of trial—has shown that the only male DNA found on the victim's clothing was located where the murderer bit the victim and that Captain Prade was *conclusively* excluded as the source of that DNA. *State v. Prade*, 2014-Ohio-1035, 9 N.E.3d 1072, ¶ 9-12 (9th Dist.). Yet he remains in jail.

{¶ 30} I do not quarrel with the majority's decision to leave intact the order of the Ninth District Court of Appeals and the trial-court order reinstating Prade's conviction and sentence. The best that can be said for those orders is that those courts had jurisdiction to issue them, and prohibition is not appropriate to disturb them. And I cannot say whether a jury would convict Prade again if the state were

10

given another chance to prove its case. But I can say with certainty that Prade was "unavoidably prevented from discovering" the Y-STR DNA evidence until that testing methodology became available after trial, Crim.R. 33(B), and that this was "new evidence material to the defense" that Prade "could not with reasonable diligence have discovered and produced at the trial," Crim.R. 33(A)(6).

{¶ 31} Just like the trial judge who originally ordered postconviction relief and conditionally ordered a new trial, I have no doubt that this case needs to go to a new jury. Justice for the defendant and the victim demands no less. However, it is remarkable that the state, through appeals and procedural wrangling, has been able to keep this case alive long enough to find a new trial judge who will give it what it wants—not only a reinstated conviction after appeal but also reconsideration of the order requiring a new trial. Surely a "reconsideration" of a final order by a trial court is a nullity. *Pitts v. Dept. of Transp.*, 67 Ohio St.2d 378, 423 N.E.2d 1105 (1981), paragraph one of the syllabus.

{¶ 32} To remedy what I consider to be an astounding miscarriage of justice, I would grant a peremptory writ of prohibition directing the trial court to vacate its March 11, 2016 order reconsidering and denying Prade's motion for a new trial and to reinstate the January 29, 2013 order for a new trial. On March 19, 2014, the court of appeals reversed the trial court's order granting postconviction relief, *State v. Prade*, 2014-Ohio-1035, 9 N.E.3d 1072, at ¶ 131, and the condition on the new-trial order was met. At that time, the order "determine[d] the action and prevent[ed] a judgment" in favor of the state on the new-trial motion and became final and appealable. R.C. 2505.02(B)(1). The state had 30 days to appeal. App.R. 4(A)(2) ("a party who wishes to appeal from an order that is not final upon its entry but subsequently becomes final * * * shall file the notice of appeal required by App.R. 3 within 30 days of the date on which the order becomes final"). And the state did appeal, although the court of appeals incorrectly believed that the order was not final and appealable. *State v. Prade*, 9th Dist. Summit No. 27323 (Aug.

14, 2014). We declined to review the decision upon the state's request, *State v. Prade*, 142 Ohio St.3d 1449, 2015-Ohio-1591, 29 N.E.3d 1004, as is our prerogative even in cases that were decided in legal error. But the January 29, 2013 order that granted Prade a new trial was no less final and appealable, and the trial court patently and unambiguously lacked jurisdiction to reconsider that order. *Pitts* at paragraph one of the syllabus. Because the trial court's order on reconsideration is a legal nullity, I would also issue a writ of prohibition directing the court of appeals to terminate the appeal from that order.

{¶ 33} The people of Ohio and Captain Prade are entitled to a fair trial. That still has not happened, and it should. Because the per curiam opinion does not bring that day any closer, I cannot join it.

{¶ 34} Respectfully, I dissent.

_____

Jones Day, David Booth Alden, Lisa B. Gates, Emmett E. Robinson, and Matthew R. Cushing; and The Ohio Innocence Project, Mark A. Godsey, and Brian C. Howe, for relator.

Michael DeWine, Attorney General, and Tiffany L. Carwile and Sarah E. Pierce, Assistant Attorneys General, for respondent Ninth District Court of Appeals.

Sherri Bevan Walsh, Summit County Prosecuting Attorney, and Colleen M. Sims and Heaven R. DiMartino, Assistant Prosecuting Attorneys, for respondent Judge Christine Croce.

_____