The STATE of Ohio, Appellant,

v.

HAMILTON, Appellee.

[Cite as *State v. Hamilton* (1994), 97 Ohio App.3d 648.]

Court of Appeals of Ohio,
Logan County.

No. 8-94-6.

Decided Oct. 18, 1994.

*William T. Goslee,* City Prosecutor, for appellant.

*Jack C. Hamilton, pro se.*

---

S<small>HAW</small>, Presiding Judge.

Plaintiff-appellant, the state of Ohio, appeals from the judgment entered in the Bellefontaine Municipal Court suppressing evidence and finding defendant-appellee, Jack C. Hamilton, not guilty of transportation of a loaded firearm in a motor vehicle in violation of R.C. 2923.16(B).

On March 6, 1994, defendant was driving eastbound on U.S. 33 when his van was pulled over by Trooper Richardson of the Ohio State Highway Patrol for traveling sixty-seven miles per hour in a fifty-five mile per hour zone. Trooper Richardson issued a speeding citation to defendant and asked him questions pertaining to his place of departure and destination. Trooper Richardson next asked defendant for permission to search his van. Defendant stated he would allow a search of his van, and he was provided with a consent and search form to that effect. Defendant was then asked if he had any guns or drugs in the van.

He responded that he had no drugs, but that there were guns in the van. Trooper Richardson proceeded to search the van, uncovering a twelve-gauge shotgun, a .22 caliber rifle, a loaded air pistol, and a loaded .32 caliber revolver.

Defendant was charged with one count of knowingly transporting a loaded firearm in a motor vehicle in violation of R.C. 2923.16(B). On March 21, 1994, an arraignment hearing was held at which defendant pled no contest to the charge set forth in the state's complaint. Following defendant's plea, the trial court entered a finding of not guilty to the charge and ordered that the weapons found in the van be returned to defendant. On April 19, 1994, the state filed a motion with this court, seeking leave to appeal from the trial court's judgment of acquittal at arraignment. While the principles of double jeopardy preclude any further proceedings against this defendant, we are nonetheless authorized by *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644, to review the substantive ruling of the trial court resulting in defendant's acquittal. In *Bistricky,* the Supreme Court of Ohio held:

" * * * a court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to decide whether to review substantive law rulings made in a criminal case which results in a judgment of acquittal so long as the verdict itself is not appealed." *Bistricky, supra,* at 160, 555 N.E.2d at 646.

On May 5, 1994, we sustained the state's motion and granted leave to appeal pursuant to *State v. Bistricky.*

The state raises the following assignment of error:

"The trial court erred by suppressing evidence sua sponte without giving the state an opportunity to respond or appeal the trial court's suppression of evidence."

The state argues that by acquitting the defendant, the trial court denied the state the right to appeal the court's finding that Trooper Richardson lacked probable cause to search defendant's van.

The right of the state to appeal from the granting of a motion to suppress is statutory in nature and is set forth in R.C. 2945.67(A) and Crim.R. 12(J). R.C. 2945.67(A), which governs the general right of the state to appeal in a criminal case, provides:

"A prosecuting attorney, village solicitor, city director of law, or the attorney general may appeal as a matter of right any decision of a trial court in a criminal case, or any decision of a juvenile court in a delinquency case, which decision grants a motion to dismiss all or any part of an indictment, complaint, or information, a motion to suppress evidence, or motion for the return of seized property * * *."

Moreover, Crim.R. 12(J) provides:

"The state may take an appeal as a matter of right * * * from the granting of a motion to suppress evidence if, in addition to filing a notice of appeal, the prosecuting attorney certifies that: (1) the appeal is not taken for the purpose of delay; and (2) the granting of the motion has rendered the state's proof with respect to the pending charge so weak in its entirety that any reasonable possibility of effective prosecution has been destroyed. * * * "

In the case *sub judice*, it is apparent that while no motion to suppress was ever filed with or granted by the trial court, the court in substance *sua sponte* suppressed the evidence found in defendant's van and characterized its ruling as a judgment of acquittal. At defendant's arraignment hearing, the trial court stated:

" * * * However, on the charge upon your plea of no contest, my finding is not guilty. I don't find that the officer had any right to search your van. And I'm going to enter a finding of not guilty to that charge. * * * "

It is well established that when:

" * * * [a] motion to suppress is granted, it is not for the trial court to determine the sufficiency of the state's evidence to proceed with the prosecution and hence enter a judgment of acquittal. Rather, the state must be permitted to determine whether it will seek a stay of proceedings in order to exercise its right of appeal pursuant to Crim.R. 12(J), or alternatively to proceed to a final verdict or judgment. The choice is that of the prosecution." *State v. Fraternal Order of Eagles Aerie 0337 Buckeye* (1991), 58 Ohio St.3d 166, 169, 569 N.E.2d 478, 481.

We therefore hold that it was error for the trial court to indirectly rule on the admissibility of the state's evidence by granting a final judgment of acquittal. To this extent, the judgment of the Bellefontaine Municipal Court is reversed. However, notwithstanding the erroneous basis of the trial court's judgment, the actual acquittal of this defendant must be affirmed inasmuch as this defendant cannot be twice be put in jeopardy. *State v. Fraternal Order of Eagles Aerie 0337 Buckeye, supra.*

*Judgment reversed in part and affirmed in part.*

HADLEY and EVANS, JJ., concur.