OPINION
The Plaintiff-appellant, the State of Ohio (State), appeals from a substantive ruling of the Auglaize Municipal Court in the State's prosecution of Defendant-appellee, Thomas Streight (Streight), for Domestic Violence and Aggravated Menacing.
Initially, we note that an appellate court will not ordinarily review a legal issue when there is no case in controversy, unless the underlying legal question is "capable of repetition yet evading review." State v.Bistricky (1990), 51 Ohio St.3d 157, 158. However, R.C. 2945.67(A), gives an appellate court discretionary authority to decide whether to review substantive law rulings made in a criminal case, which result in a not guilty verdict so long as the judgment itself is not appealed. Id. In this case, the State is not appealing the verdict; rather it is appealing a substantive ruling of the trial court which resulted in the administration of a particular jury instruction. Accordingly, we have elected to review the trial court's ruling.
On May 5, 2001, Streight went to the home of his ex-wife, Janet Marvin, in order to exercise his visitation rights with his children. While he was putting the children in his car, Streight and Marvin began to argue about when Streight was going to return the children to Marvin's home. A struggle ensued during which Marvin attempted to remove the children from Streight's car, and Streight grabbed Marvin's arm and pushed her. Marvin called the Cridersville Police, and they arrested Streight later that evening.
On May 7, 2001, Streight was charged with one count of Domestic Violence, under R.C. 2919.25 and one count of Aggravated Menacing, under R.C. 2903.21. Streight, appearing pro se, pled not guilty. On July 30, 2001, a jury trial was held. The trial court instructed the jury that disorderly conduct is a lesser-included offense of Domestic Violence and Aggravated Menacing. The trial court also gave the jury the following instruction regarding the domestic violence charge,
 The defendant claims that what he did was justified on the basis of the protection of his legal right to visitation with minor children. However, the defendant has no right to use force that would otherwise constitute a crime unless he reasonably believes * * * it to be necessary to protect the health or safety of the children. The burden of going forward with this affirmative defense is upon the defendant.
The jury returned a verdict of not guilty to Domestic Violence, not guilty to Aggravated Menacing, not guilty to Disorderly Conduct as a lesser included offense of Aggravated Menacing, and guilty to Disorderly Conduct as a lesser included offense of Domestic Violence.
The state now appeals asserting a single assignment of error:
 The trial court erred in giving an instruction that an affirmative defense existed based on protecting the Defendant's legal right to visitation with his minor children.
Streight was charged with domestic violence under R.C. 2919.25(A), which mandates that "No person shall knowingly cause or attempt to cause physical harm to a family or household member." However, a defendant may escape criminal liability under this statute if he is acting in self-defense. See State v. Thomas (1997), 77 Ohio St.3d 323. To assert self-defense, a defendant must prove by a preponderance of the evidence that
 [h]e was not at fault in creating the situation giving rise to his use of force; and he had reasonable ground to believe and an honest belief, even though mistaken, that he was in immediate danger of bodily harm and that his only means to protect himself from such danger was by the use of force not likely to cause death or great bodily harm.
State v. Fawcett (March 14, 2001), Seneca App. No. 13-99-14, unreported. Furthermore, self-defense may be asserted when a defendant is protecting another person from immediate danger of bodily harm from an assailant as long as the other person could assert the defense himself. State v.Wenger (1979), 58 Ohio St.2d 336.
In this case, the trial court gave an instruction to the jury outlining an affirmative defense based upon the right of a parent to exercise his visitation rights with his children, by apparent analogy to R.C. 2919.23, the statute governing Interference with Custody. R.C. 2919.23(c) provides a defendant with an affirmative defense to interfering with custody if he reasonably believes that his conduct was necessary to preserve the child's health or safety. While this affirmative defense is built into the statutory framework of R.C. 2919.23, the legislature did not include this language in R.C. 2919.25. We find the omission of this defense from the language of R.C. 2919.25 to be significant and appropriate. Specifically, in a domestic violence context, the interference with custody defense would ostensibly permit a parent to physically harm
another parent in any dispute regarding visitation where the child's health or safety is conceivably at issue. Among other concerns, this court does not agree that resorting to physical force is an acceptable course of domestic conduct absent the proper degree of proof that a party or the child is in immediate danger of bodily harm pursuant to the standards for establishing self-defense or defense of others under Statev. Thomas, State v. Fawcett, and State v. Wenger, supra.
We therefore hold that the trial court erred as a matter of law when it instructed the jury as to an affirmative defense in a domestic violence prosecution under R.C. 2919.25 based upon the language of R.C. 2919.23
governing interference of custody. To this extent, the judgment of the Auglaize Municipal Court is reversed. However, notwithstanding the erroneous basis of the trial court's instruction, it is the judgment of this court that the verdict, judgment, and sentence of the trial court is affirmed inasmuch as this defendant cannot twice be put in jeopardy.State v. Hamilton (1994), 97 Ohio App.3d 648.
Judgment Affirmed in Part and Reversed in Part.
BRYANT and HADLEY, J.J., concur.