OPINION
{¶ 1} This appeal was brought by plaintiff-appellant State of Ohio ("the State") from the judgment of the Hardin County Municipal Court dismissing a complaint charging defendant-appellee Jason R. Francis ("Francis") with the offense of OMVI.
 {¶ 2} On August 31, 2001, Trooper Christopher Kinn ("Kinn") stopped the vehicle driven by Francis for a non-functioning license plate light. Kinn asked Francis to step out of the vehicle to see the missing light. Francis walked without any problem to the rear of the vehicle. When he bent over to examine the plate area, he almost fell. At that time, Kinn decided that possibly Francis had been drinking and asked him to enter the cruiser.
 {¶ 3} Kinn noticed that Francis' speech appeared slurred and that there was the odor of alcohol while in the cruiser. Francis admitted to having drank some beers earlier. Kinn then administered the horizontal gaze nystagmus ("HGN") test and detected various clues that Francis had been drinking. No other field sobriety tests were administered because Francis told Kinn that he had a bad knee. Kinn then asked Francis to submit to a portable breathalyzer test ("PBT"), which revealed a blood alcohol level of .18. Kinn then arrested Francis for OMVI. At the station, Kinn completed the paperwork, had Francis sign it, signed it himself, and gave Francis a copy. Sometime later, Kinn called dispatch to determine the time of the stop, added that to the form, and added the information that the urine screen was at the lab. This altered form was later filed with the trial court, but not supplied to Francis.
 {¶ 4} On September 6, 2001, Francis filed a motion to suppress. This motion claimed that all evidence obtained incident to the arrest should be suppressed because the officer lacked reason to continue to detain Francis for driving under the influence, that the results of the urine screen should be suppressed because the test was not performed within two hours of operating a motor vehicle, and that any statements made by Francis prior to being read his rights should be suppressed. A hearing was held on the motion on July 1, 2002.
 {¶ 5} At the hearing, Kinn testified to the above facts. Kinn also testified that he had seen no erratic driving or speeding by Francis. Kinn then admitted that he did not know if he had performed the HGN test properly, that he did not know when or if the PBT was properly calibrated, that he had altered the time on the form after it was signed by Francis, and that he was unaware of when the stop occurred and was relying on the patrol dispatcher to provide him with the correct time. When questioned by the trial court, Kinn stated that prior to asking Francis to enter the cruiser to question him about possibly driving while intoxicated, he had witnessed no objective signs that Francis was intoxicated.
 {¶ 6} On September 9, 2002, the trial court entered judgment making the following findings of fact: (1) Kinn had stopped Francis for not having his license plate properly illuminated; (2) Kinn had asked Francis to enter the cruiser to question him about drinking; (3) while in the cruiser, Kinn had noticed that Francis' speech was slurred and that Kinn noticed a strong odor of alcohol; (4) Kinn had performed the HGN test on Francis; (5) Kinn had administered a PBT to Francis; and (6) that Kinn had arrested Francis for OMVI based upon these things. The trial court then considered Kinn's testimony based upon cross-examination and questions by the trial court and made the following findings of fact: (1) Kinn admitted that he did not detect any odor of alcohol prior to Francis getting into the cruiser; (2) Kinn did not observe any thing that would lead him to suspect that Francis' driving was impaired; (3) Kinn admitted that the HGN was not performed in accordance with the rules; (4) Kinn did not know when or if the PBT had been calibrated and was in working order prior to using it; (5) Kinn had changed critical entries on the citation and the 2255 from after Francis had signed them; and (6) one of the entries subsequently added to the form was the time of the alleged offense which is crucial evidence. Based upon these findings, the trial court concluded that Kinn had a valid reason for the initial stop. However, the trial court held that Kinn did not have a valid reason to proceed any further in questioning Francis' driving abilities. The trial court then ordered that the case be dismissed. It is from this judgment that the State raises the following assignments of error.
 {¶ 7} "The trial court erred in ruling that it is an infringement on the rights of a defendant for a state trooper to have added the time of a traffic stop after the defendant had signed and received the `completed' paperwork."
 {¶ 8} "The trial court erred in ruling that the order of a state trooper for a driver to exit the vehicle after the driver was lawfully detained, is unreasonable, and thus a violation of the Fourth amendment of the Constitution."
 {¶ 9} This court notes that the only motion before the trial court for ruling in this case was a motion to suppress. The trial court sua sponte converted the motion to suppress to a motion to dismiss the complaint and granted this motion. The State fails to raise this issue in its brief, but instead challenges the suppression of the evidence. Rather than deciding the appropriateness of a motion that has not yet been ruled upon by the trial court, we consider the appropriateness of dismissing the charges.
 {¶ 10} In State v. Hamilton (1994), 97 Ohio App.3d 648,647 N.E.2d 238, this court addressed a similar issue. In Hamilton, no motion to suppress had been filed. At the arraignment, the trial court entered a finding of not guilty. The trial court's decision was based upon its finding that the officer had no right to conduct the search. We held as follows:
 {¶ 11} "It is well established that when:
 {¶ 12} "`* * * [a] motion to suppress is granted, it is not for the trial court to determine the sufficiency of the state's evidence to proceed with the prosecution and hence enter a judgment of acquittal. Rather, the state must be permitted to determine whether it will seek a stay of proceedings in order to exercise its right of appeal pursuant to [Crim.R. 12(K)], or alternatively to proceed to a final verdict or judgment. The choice is that of the prosecution.' State v. FraternalOrder of Eagles Aerie 0337 Buckeye (1991), 58 Ohio St.3d 166, 169,569 N.E.2d 478, 481."
 {¶ 13} "We therefore hold that it was error for the trial court to indirectly rule on the admissibility of the state's evidence by granting a final judgment of acquittal." Hamilton, supra at 651."
 {¶ 14} In this case, the trial court ruled on a motion to dismiss rather than the motion to suppress. Based upon the ruling in Hamilton, we find this to be error. Because the State's assignments of error are directed only to the suppression of evidence, they are not yet properly before this court and we do not address them.
{¶ 15}The judgment of the Municipal Court of Hardin County is reversed and remanded to that court for further proceedings according to law.
Judgment reversed.
 WALTERS and SHAW, JJ., concur.