[Cite as *State v. Presley*, 2013-Ohio-3762.]

# IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | Appellate Case No. 25511 |
| | : | |
| Plaintiff-Appellant | : | Trial Court Case No. 2011-CR-3324 |
| | : | |
| v. | : | (Criminal Appeal from |
| | : | Common Pleas Court |
| JAS N. PRESLEY | : | |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

## OPINION

Rendered on the 30th day of August, 2013.

. . . . . . . . . .

MATHIAS H. HECK, JR., by R. LYNN NOTHSTINE, Atty. Reg. #0061560, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, P.O. Box 972, 301 West Third Street, Dayton, Ohio 45222
      Attorney for Plaintiff-Appellant

ANDREW ANASTASI, Atty Reg. #0088440, McClain Anastasi, L.L.C., 70 Birch Alley, Suite 240, Beavercreek, Ohio 45440
      Attorney for Defendant-Appellee

. . . . . . . . . . .

CELEBREZZE, JR., J. (By Assignment):

{¶1} Pursuant to R.C. 2945.67(A), the state of Ohio seeks review of the sentence imposed on appellee, Jas N. Presley, after being found guilty of leaving the scene of an accident. The state argues the trial court erred in finding that convicting Presley of a third-degree felony would constitute cruel and unusual punishment in violation of the Eighth Amendment to the U.S. Constitution. After a thorough review of the record and law, we agree with the state, but recognize that this court may not change Presley's conviction because to do so would violate principles of Double Jeopardy.

## I.  Factual and Procedural History

{¶2} On July 4, 2011, Presley was driving a car in a residential area. Tragically, a seven-year-old girl ran into the street in front of Presley's vehicle. He attempted to stop but was unable to stop in time and struck the girl, killing her. Presley's stop lasted only briefly. Mere moments after hitting the girl, Presley sped from the scene of the accident. Approximately thirty minutes after the accident, after talking with his mother, he turned himself in to the police. Presley was not intoxicated and was otherwise driving lawfully at the time of the accident. In statements made to the police, Presley admitted hitting the girl and leaving because he was shocked and scared. However, at trial he testified he was scared that he would be harmed by people who witnessed the accident and were rushing toward the car.

{¶3} Presley was indicted on one count of third-degree felony leaving the scene of an accident in violation of R.C. 4549.02. He waived a jury trial, and a bench trial commenced on August 27, 2012. Throughout trial, the court's unease with the case was apparent and,

after closing arguments, the court sua sponte asked the parties for briefs regarding the constitutionality of R.C. 4549.02. After receiving briefs, the trial court issued a written decision finding that R.C. 4549.02(B) violated the Eighth Amendment because the elevation of the crime from a first-degree misdemeanor to a third-degree felony based solely on the fact that someone died as a result of the accident and not as a result of an individual's decision to leave the scene was impermissible. The trial court found Presley guilty of misdemeanor leaving the scene of an accident, but not the enhancing portion that made it a third-degree felony. The court then sentenced him to community control.

{¶4} The state sought leave to appeal the decision, which was granted by this court. The state seeks review of the following assigned error:

> The trial court erred by ruling that R.C. 4549.02(B) violates the Eight Amendment's prohibition against cruel and unusual punishment.

## II. Law and Analysis

### A. Cruel and Unusual Punishment

{¶5} R.C. 4549.02(A) provides,

> In case of accident to or collision with persons or property upon any of the public roads or highways, due to the driving or operation thereon of any motor vehicle, the person driving or operating the motor vehicle, having knowledge of the accident or collision, immediately shall stop the driver's or operator's motor vehicle at the scene of the accident or collision and shall remain at the scene of the accident or collision until the driver or operator has given the driver's or operator's name and address and, if the driver or operator

is not the owner, the name and address of the owner of that motor vehicle, together with the registered number of that motor vehicle, to any person injured in the accident or collision or to the operator, occupant, owner, or attendant of any motor vehicle damaged in the accident or collision, or to any police officer at the scene of the accident or collision.

In the event the injured person is unable to comprehend and record the information required to be given by this section, the other driver involved in the accident or collision forthwith shall notify the nearest police authority concerning the location of the accident or collision, and the driver's name, address, and the registered number of the motor vehicle the driver was operating, and then remain at the scene of the accident or collision until a police officer arrives, unless removed from the scene by an emergency vehicle operated by a political subdivision or an ambulance.

{¶6} R.C. 4549.02(B) makes one's failure to stop a third-degree felony where the accident results in the death of another. The trial court found "this enhancement to a felony of the third degree when, as here, the death was in no way caused by the offense charged, is disproportionate to the fault committed by the Defendant, and thus violative of the Eighth Amendment to the United States Constitution." The trial court erred in declaring R.C. 4549.02(B) unconstitutional. The state, pursuant to R.C. 2945.67, sought and was granted leave to appeal this determination.

{¶7} The Eighth Amendment states, "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." What constitutes cruel and unusual punishment has been the subject of much debate in recent years. The recent Supreme Court jurisprudence in this area has mainly focused on capital punishment, mandatory life sentences, and life sentences for juvenile defendants. For non-capital, non-life-sentence punishments, the Eighth Amendment offers very little in the way of a check on the legislature's ability to affix penalties to crimes. Justice Scalia even went so far as to assert that there is no proportionality aspect to the Eighth Amendment. *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991). While his view is not the predominant one on the Court, the view held by Justice Kennedy is not much more favorable of the proposition. In *Harmelin*, Justice Kennedy's concurring opinion, joined by Justices O'Connor and Souter, indicates that there exists a very narrow proportionality element within the Eighth Amendment that only applies to grossly disproportionate penalties. However,

> the fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is "properly within the province of legislatures, not courts." [*Rummel v. Estelle*, 445 U.S. 263, 275-276, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)]. Determinations about the nature and purposes of punishment for criminal acts implicate difficult and enduring questions respecting the sanctity of the individual, the nature of law, and the relation between law and the social order. "As a moral or political issue [the punishment of offenders] provokes intemperate emotions, deeply

conflicting interests, and intractable disagreements." D. Garland, Punishment and Modern Society 1 (1990). The efficacy of any sentencing system cannot be assessed absent agreement on the purposes and objectives of the penal system. And the responsibility for making these fundamental choices and implementing them lies with the legislature. See *Gore v. United States*, 357 U.S. 386, 393, 2 L.Ed.2d 1405, 78 S.Ct. 1280 (1958) ("Whatever views may be entertained regarding severity of punishment, whether one believes in its efficacy or its futility, * * * these are peculiarly questions of legislative policy"). Thus, "reviewing courts * * * should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." [*Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)]. See also *Rummel*, *supra*, at 274 (acknowledging "reluctance to review legislatively mandated terms of imprisonment"); [*Weems v. United States*, 217 U.S. 349, 379, 30 S.Ct. 544, 54 L.Ed. 793 (1910)] ("The function of the legislature is primary, its exercises fortified by presumptions of right and legality, and is not to be interfered with lightly, nor by any judicial conception of their wisdom or propriety").

*Id*. at 998-999 (Kennedy, J., concurring in part and concurring in judgment).

{¶8} The Ohio Supreme Court has recognized that this conflicting and often debated area of law is applicable only to the very rare case where the penalty imposed would be "'considered shocking to any reasonable person.'" *State v. Weitbrecht*, 86 Ohio St.3d 368,

371, 1999-Ohio-113, 715 N.E.2d 167, quoting *McDougle v. Maxwell*, 1 Ohio St. 2d 68, 70, 203 N.E.2d 334 (1964). Further, "[a]s a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *McDougle* at 69.

{¶9} Our decision is guided by the Ohio Supreme Court's treatment of a similar case involving Ohio's former involuntary manslaughter statute, R.C. 2903.04, which could enhance the criminal penalties associated with a misdemeanor traffic violation by allowing the state to additionally charge a third-degree felony where the misdemeanor resulted in the death of another. *Weitbrecht* at 370. Similarly, appellee's conviction under R.C. 4549.02(B) elevates the misdemeanor conviction of leaving the scene of an accident to a third-degree felony where the accident results in the death of another.

{¶10} In *Weitbrecht*, "[w]hile driving on Highway 62 on April 27, 1997, Nancy Weitbrecht apparently suffered a cardiac event, lost consciousness, crossed left of center, and collided with the Carroll vehicle. She lost her husband and a friend in the accident, and must live with the fact that she also caused the death of Vera Carroll." *Id*. at 374 (Pfeifer, J., dissenting). The trial court granted a motion to dismiss the charge of involuntary manslaughter finding it violated the Eighth Amendment. The decision was affirmed by the court of appeals, but was reversed by the Ohio Supreme Court.

{¶11} The *Weitbrecht* court analyzed the United States Supreme Court's jurisprudence and recognized that "'[t]he Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are "grossly disproportionate" to the crime.'" *Id*. at 371-372, quoting *Harmelin* at 1001.

**{¶12}** The Ohio Supreme Court found that the enhanced punishment is not cruel and unusual because "[w]here human lives are lost, the gravity of the crime is serious and is not lessened by the fact that the underlying crime consists of a minor misdemeanor." *Id* at 373. Further, the court went on to note that the trial court could have imposed community control or, if a prison sentence was imposed, granted judicial release. *Id*. It concluded, "[u]nder these circumstances, we cannot say that the potential penalty for violating R.C. 2903.04(B) is 'so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *Id*., quoting *McDougle*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964).

**{¶13}** *Weitbrecht* is precisely on point with the present situation. Here, the trial court found that the culpability for enhanced punishment must be coupled with the cause of the death of the victim. But this ignores the legitimate governmental interest in punishing more severely those who flee the scene of a grave and serious accident versus those who may flee from striking a parked, unoccupied car. Elevating the penalty to a third-degree felony does not "shock the sense of justice of the community" where the crime itself is elevated by the seriousness of the injuries involved. That is especially true here, as in *Weitbrecht*, where the trial court could have imposed a lenient penalty, but chose instead to take the drastic measure of declaring a statute unconstitutional. That decision was neither warranted nor required to impose a proportionate sanction in this case. The Amendment prohibits cruel and unusual punishment, but the trial court could have imposed the same five-year community control sanction for a third-degree felony based on a downward departure, as stated in R.C. 2929.13.

### B. Double Jeopardy

**{¶14}** This determination offers little solace for the state because Presley's finding of guilt on a misdemeanor precludes this court from granting the relief which it seeks.

**{¶15}** The state seeks to impose a penalty commensurate with a third-degree felony conviction; Presley was found guilty of a first-degree misdemeanor. Imposing a felony sentence for such a conviction would be contrary to law because this court cannot disturb the conviction, and the trial court is only authorized by law to impose a sentence consistent with the misdemeanor conviction.

**{¶16}** Three cases demonstrate that such an outcome must result in this appeal: *State ex rel. Sawyer v. O'Connor*, 54 Ohio St.2d 380, 377 N.E.2d 494 (1978); *State v. Pawelski*, 178 Ohio App.3d 426, 2008-Ohio-5180, 898 N.E.2d 85 (2d Dist.); *State v. Hamilton*, 97 Ohio App.3d 648, 647 N.E.2d 238 (3d Dist.1994).

**{¶17}** In *O'Connor*, the state filed a mandamus action in the court of appeals after a criminal trial court sua sponte found the defendant guilty of reckless operation of a motor vehicle after the defendant pled no contest to driving under the influence. *Id*. at 381-382. The state sought mandamus relief, arguing that the trial court's actions constituted a gross abuse of discretion and its limited rights to appeal such a decision created a manifest injustice making mandamus relief appropriate. The Ohio Supreme Court disagreed. It found that

> [t]he denial of the right to appeal a final judgment of the trial court in favor of the defendant in a criminal case is required by federal and Ohio constitutional protections against double jeopardy. The constitutional guarantees against

double jeopardy cannot be frustrated by mandamus, even if the trial court ignored the law or facts in arriving at its verdict.

*Id*. at 382.

{¶18} This appellate district has reached the same conclusion. In *Pawelski*, the defendant was found not guilty of carrying a concealed weapon because, according to the trial court, R.C. 4749.10 permitted a licensed, on-duty security guard to carry a weapon in such a manner. *Id.* at ¶ 1. However, this court disagreed with the trial court's interpretation after the state appealed. The Pawelski court found the statute still required the defendant to comply with Ohio's concealed carry statute. However, notwithstanding the trial court's erroneous application of the law, this court determined that "the acquittal of this defendant is affirmed inasmuch as he cannot be twice put in jeopardy." *Id*. at ¶ 28, citing *State v. Hensley*, 2d Dist. Montgomery No. 18886, 2002-Ohio-1887.

{¶19} Finally, the Third District found that the court erred in sua sponte ruling that a search of a defendant's van was unlawful and then entering a judgment of acquittal. *Hamilton*, 97 Ohio App.3d 648, 647 N.E.2d 238. The defendant had pled no contest to the charge of transporting a loaded firearm in a motor vehicle, but the trial court found that the officer had no basis to stop the defendant's vehicle. *Id*. at 650. That court found that the trial court violated the state's rights under R.C. 2945.67 and Crim.R. 12(J). However, it also determined that double jeopardy provisions precluded a retrial. *Id*. at 651.

{¶20} This is so because the state's right to appeal decisions in criminal cases is limited to comply with constitutional prohibitions against double jeopardy. As a result, "a court of appeals has discretionary authority pursuant to R.C. 2945.67(A) to decide whether

to review substantive law rulings made in a criminal case which results in a judgment of acquittal so long as the verdict itself is not appealed." *State v. Bistricky*, 51 Ohio St.3d 157, 160, 555 N.E.2d 644 (1990).

{¶21} Here, the state's brief challenges the sentence imposed, but, in reality, it is seeking to have this court overturn the trial court's acquittal on third-degree felony leaving the scene of an accident. That is something this court cannot do.

## III. Conclusion

{¶22} The trial court erred in finding R.C. 4549.02(B) unconstitutional. The state's assignment of error is sustained. However this court cannot alter the conviction and sentence as the state wishes. Therefore, they are affirmed.

Judgment affirmed.

. . . . . . . . . . .

DONOVAN and HALL, JJ., concur.

(Hon. Frank D. Celebrezze, Jr., Eighth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).

Copies mailed to:

Mathias H. Heck, Jr.
R. Lynn Nothstine
Andrew Anastasi
Hon. Gregory F. Singer